## A95A0820. HIXSON v. THE STATE.
(458 SE2d 402)

BEASLEY, Chief Judge.

An indictment was returned against Hixson charging him with sale of cocaine in Troup County in April 1993, in violation of the Georgia Controlled Substances Act. OCGA § 16-13-30.

Twelve days before trial, the State filed notice of intent to seek a life sentence as provided in OCGA § 16-13-30 (d), based on Hixson's conviction of a February 1991 sale of cocaine in the same county. Six days before trial, the State filed notice of intent to present evidence of the earlier sale as a similar transaction. At the hearing on the latter, the court deferred ruling until submission of briefs.

The State sought to introduce evidence of the prior crime through the testimony of a sheriff's department investigator for the purpose of showing that defendant had a "propensity" to sell cocaine and had done so. After the court expressed some reservation of that as a legitimate purpose, the State changed the purpose to "motive, identity, and course of conduct." Defendant argued that the evidence was not justified for these purposes.

When the trial commenced, defense counsel asked for a continuance if the court elected to allow the State to present evidence of the prior crime. Concluding that the State had made the three affirmative showings required by *Williams v. State*, 261 Ga. 640, 642 (2b) (409 SE2d 649) (1991), and that the probative value of the evidence outweighed its prejudicial impact, the court ruled that the evidence was admissible. The motion for a continuance was denied on the ground that Hixson failed to show a need.

The investigator testified that on February 7, 1991, he was making undercover buys in a drug-populated area in LaGrange. About an hour before dark, he and a confidential informant went to a house in which people were smoking crack cocaine. After being informed he could purchase cocaine from Hixson, the investigator met him behind the house and told him what he wanted. Hixson opened his hand, displayed several rocks of crack cocaine, and told the investigator to pick one. The investigator took one and gave Hixson $20.

As to the incident on trial, a female undercover drug agent testified that on the night of April 23, 1993, she and a confidential informant went into an area known for drug dealing in the Benjamin Harvey Hill projects in LaGrange. They were outside an apartment when Hixson approached them and asked what they were doing. The agent said, "We're out partying and looking for a ten." Hixson said, "Wait right here; I'll be right back." He went around the building, returned in about a minute, and handed the agent a little baggie of cocaine. In return, she handed him $10.

The confidential informant told the agent that the name of the

individual who had sold the cocaine to her was Scottie Hixson. The agent wrote a report identifying Hixson as being 5′9″ tall, weighing approximately 210 pounds, having black hair, brown eyes, and a rather large build. Approximately ten to fifteen minutes after the sale, she returned to the stationhouse and readily corroborated her identification of Hixson when a narcotics investigator showed a photograph (mugshot) of him to her. She was shown this photograph at trial, and she testified that there was no doubt in her mind that the person in the photograph was the same person who sold the cocaine. She identified Hixson, seated in court, as that person.

Hixson testified he had never met the undercover agent and at the time in question was at his girl friend's house. His testimony was supported by that of his girl friend and other alibi witnesses.

The court charged the jury that "the law provides that evidence of another offense or transaction of the defendant that might be similar in terms of common design, scheme, plan, course of conduct, or other factors connected to the offense for which the defendant is on trial may be admissible and may be considered by you for the limited purpose of showing identity, if in fact it does show, the identity of the defendant as the perpetrator of this crime or his state of mind or intent in connection with the crime charged in the case now on trial. Such evidence, if any, may be considered by you only for that purpose and no other purpose. The defendant is on trial only for the particular offense set forth in the bill of indictment, which you will have out with you. . . . If you believe that he has committed a prior offense, however, you are strictly limited in your consideration of such evidence to the extent that it might show identity or state of mind in connection with the offense set forth in this indictment."

1. Hixson contends that the court erred in allowing the State to introduce evidence of his prior conviction and in charging the jury as to the permissible purposes for which the similar transaction could be considered. He concedes that he is the defendant in the prior case but not that it is sufficiently similar to be admissible for a legitimate purpose. It is clear that similarity was established.

As to the prerequisite of legitimate purpose, defendant's contentions are controlled adversely to him by *Evans v. State*, 209 Ga. App. 606, 607 (2) (434 SE2d 148) (1993). A majority of this court held that in Evans' trial for selling crack cocaine, the court did not err in admitting: (1) his prior guilty plea to a charge of selling cocaine to corroborate the identification of him as the seller, and (2) testimony by an eyewitness to a previous attempt to sell (which resulted in a plea of guilty to a charge of possession) to establish his guilty knowledge.

2. Hixson contends that the court erred in failing to grant a continuance of the trial to conform to Uniform Superior Court Rule 31.1.

" 'Although Rule 31.1 requires the [State's] notice [of its intent

to present evidence of similar transactions or occurrences] to be filed at least 10 days before the trial, it authorizes the exercise of a trial court's discretion by providing that the trial court may shorten or lengthen the time for compliance with the rule. (Cit.)' [Cits.]" *McFarren v. State*, 210 Ga. App. 889, 891 (2) (437 SE2d 869) (1993). Hixson has not shown that the trial court abused its discretion in finding that the six days' notice provided to him was sufficient.

3. Hixson contends that the court erred in denying his motion to suppress his in-court identification by the undercover agent.

The argument is that the undercover agent was a citizen volunteer without any prior law enforcement training, and that her identification of him through the display to her of a single photograph was impermissibly suggestive and tainted both her pretrial and in-court identification. In denying Hixson's motion to suppress, the trial court ruled that the display of the single photograph to aid the undercover agent in identifying Hixson did not, under the totality of the circumstances, result in a very substantial likelihood of misidentification.

" '(T)he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.' [Cits.]" *Talley v. State*, 137 Ga. App. 548, 551 (2) (224 SE2d 455) (1976).

Although the display was impermissibly suggestive, misidentification was not likely because the witness had ample opportunity to view the criminal at the time of the crime, her degree of attention was focused upon him because she knew that her entire purpose in the transaction was to identify the seller of the drugs, she gave a detailed and apparently accurate description of him after the sale, she readily corroborated her identification of him when shown the photograph approximately ten to fifteen minutes after the sale, and she positively identified him at trial. See *Bradley v. State*, 152 Ga. App. 902, 903 (264 SE2d 332) (1980).

4. Hixson contends that the court erred in admitting his mugshot in evidence, because it reinforced and compounded the prejudice resulting from the similar transaction evidence.

Given our holding in Division 1, that the admission of the similar transaction evidence was not error, error in admission of the mugshot did not exacerbate earlier prejudice. Nor did it create prejudice. See *Roundtree v. State*, 181 Ga. App. 594 (353 SE2d 88) (1987); cf. *Holloway v. State*, 190 Ga. App. 528, 529 (2) (379 SE2d 542) (1989). Although it showed a date in June several months after the February 1991 incident, rather than being innocuously indicative of having been taken in connection with the incident on trial, the jury already

knew of the 1991 incident.

5. Hixson challenges the sufficiency of the evidence based on his contention that the undercover agent's identification testimony should have been suppressed.

Having found that contention without merit in Division 3, this contention fails as well.

6. Hixson contends that the mandatory life sentence for the sale of one-tenth of one gram of cocaine for $10 constitutes cruel and unusual punishment and denies him equal protection of the laws and due process of law under the federal constitution. *Grant v. State*, 258 Ga. 299, 300 (2) (368 SE2d 737) (1988), ruled otherwise.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JUNE 14, 1995.

*Wesley T. Leonard*, for appellant.

*Peter J. Skandalakis, District Attorney, David S. McLaughlin, Monique F. Kirby, Assistant District Attorneys*, for appellee.