## A01A2209. WYNN v. THE STATE.
(556 SE2d 863)

JOHNSON, Presiding Judge.

Andre Wynn was convicted of burglary. He appeals, challenging the sufficiency of the evidence, the admission of similar transaction evidence and the in-court identification of him. The challenges are without merit, and we therefore affirm Wynn's conviction.

1. On appeal from a criminal conviction, we no longer presume that the appellant is innocent, and we do not weigh the evidence or determine witness credibility; instead, we review the evidence in the light most favorable to the verdict to determine whether there is sufficient evidence from which a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1]

Viewed in favor of the verdict, the evidence in the instant case shows that late on the night of September 3, 1998, two men used a crowbar to pry open the door to a closed Exxon convenience store in the town of Bolingbroke. The men entered the store and removed an automatic teller machine. The store security camera captured the incident on videotape.

A Monroe County sheriff's investigator learned that two men who matched the appearance of the men on the videotape had been arrested for the burglary of a convenience store in Oconee County. The investigator went to Oconee County where he viewed the arrest photographs of those two men — Wynn and Charles Watkins — along

---

[16] *Espy*, supra at 4 (5).
[1] *Morrill v. State*, 216 Ga. App. 468-469 (1) (454 SE2d 796) (1995).

with crowbars, a sledgehammer and bolt cutters found in the men's vehicle. Based on the similarity between the Exxon burglars and Wynn and Watkins, the two men were charged with the Bolingbroke Exxon burglary.

The investigator also made still photographs from the Exxon videotape footage and showed the photographs to two employees of another convenience store located a few hundred feet down the road from the Exxon store. Both employees told the investigator that on several occasions they had seen the two men in their own store. And during the trial they both unequivocally identified Wynn and Watkins as the men who appear in the videotape photographs and who had been in their store.

In addition to the evidence concerning the instant crime, there was also evidence of other burglaries committed by Wynn and Watkins. In those other burglaries, the men gained entry to closed convenience stores by prying open doors. They then stole or tried to steal automatic teller machines or safes from the stores.

Having reviewed the evidence in the light most favorable to the verdict, we conclude that there is sufficient evidence from which a rational trier of fact could have found Wynn guilty of the burglary of the Exxon store.[2] The evidence therefore authorized Wynn's conviction.

2. Wynn claims that the court erred in allowing evidence of the other transactions because they are not sufficiently similar to the Exxon burglary. The claim is specious because the material facts of the other burglaries as well as the Exxon burglary are nearly identical: the men committed the crimes during late night to early morning hours, they targeted small convenience stores in Georgia, they gained entry to the closed stores by prying open their front doors, they were in each of the stores for approximately 45 seconds and the only items they took or attempted to take were automatic teller machines or safes. Given these material similarities, the trial court's finding that the other burglaries were sufficiently like the present burglary was not clearly erroneous.[3]

3. Wynn complains that the court erroneously allowed the in-court identification of him by the two employees from the store near the burglarized Exxon store because their testimony was tainted by the investigator having shown them a photograph of the Exxon burglars. Contrary to Wynn's complaint, it is apparent from the witnesses' testimony that they had ample opportunities to observe Wynn in their store, they gave accurate descriptions of him and they

---

[2] See *Richardson v. State*, 182 Ga. App. 661, 663 (3) (356 SE2d 725) (1987).
[3] See *King v. State*, 246 Ga. App. 100, 101-102 (2) (539 SE2d 614) (2000).

were absolutely certain that he was one of the men they had seen in their store. Thus, under the totality of the circumstances, there is no likelihood of misidentification.[4]

Moreover, even if the witnesses' pre-trial identifications were tainted, their in-court identifications did not depend on those prior identifications. Instead, the in-court identifications had the independent origin of the witnesses' own observations of Wynn in their store.[5] Accordingly, Wynn has shown no reversible error based on the testimony of the two witnesses from the neighboring store.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED NOVEMBER 29, 2001.

*Frank M. Wood*, for appellant.
*Richard G. Milam, District Attorney, Mark S. Daniel, Assistant District Attorney, James L. Moss, Jr.*, for appellee.

---

[4] See *Hixson v. State*, 217 Ga. App. 606, 608 (3) (458 SE2d 402) (1995).
[5] See *Quijano v. State*, 271 Ga. 181, 184 (3) (516 SE2d 81) (1999); *Tiller v. State*, 222 Ga. App. 840, 841 (476 SE2d 591) (1996).