## A03A0499. BUCKLES v. THE STATE.
(580 SE2d 638)

JOHNSON, Presiding Judge.

Richard Buckles was tried for and convicted of burglary. He moved for a new trial, but the trial court denied the motion. Buckles appeals, challenging the sufficiency of the evidence; the court's refusal to charge the jury on theft by receiving stolen property and the admission into evidence of his arrest photograph. The challenges are without merit, and we therefore affirm Buckles' conviction.

1. In evaluating the sufficiency of the evidence supporting a conviction, this court must view the evidence in the light most favorable to the verdict.[1] The presumption of innocence no longer applies, and we do not weigh evidence or determine witness credibility.[2] Rather, we decide only if there is enough evidence from which a rational trier of fact could have found the accused guilty of the crime charged beyond a reasonable doubt.[3]

Viewed in favor of the verdict, the evidence in the instant case shows that Eddie Forrester was not at his duplex in Buford when someone pried open the duplex door and took a toolbox and television set from inside the home. Francis Bob, Forrester's neighbor, saw a man taking the items from the duplex, and called the police. Before the police arrived, Forrester came home, and Bob told him what he had seen. Forrester then saw Buckles, who had previously done painting for him, come out of another duplex and head toward his own home.

Police officers arrived and spoke to Bob and Forrester, who said that he suspected Buckles of being the burglar. Another officer spoke to Anthony Grissom, who lived in the area. Grissom told the officer that he had seen a man carry a television down the street and enter a nearby house. Officers went to the house, where they found Buckles kneeling over a television, trying to turn it on. They took the television to Forrester, who identified it as the set that had been stolen from his duplex.

Based on the foregoing, we hold that there was sufficient evidence from which a rational trier of fact could have found Buckles guilty beyond a reasonable doubt of burglary.[4] Accordingly, Buckles' challenge to the sufficiency of the evidence must fail.

2. Buckles argues that the trial court erred in failing to charge the jury on theft by receiving stolen property because his sole defense was that although he possessed stolen property he did not commit

---

[1] *Wynn v. State*, 252 Ga. App. 648 (1) (556 SE2d 863) (2001).
[2] Id.
[3] Id.
[4] See *Wideman v. State*, 222 Ga. App. 733 (1) (476 SE2d 49) (1996).

burglary. The argument is flawed because, contrary to Buckles' claim, his sole defense was not that he committed theft by receiving stolen property rather than burglary. In fact, the trial transcript does not show that he even raised such a defense theory; rather, it reveals that his sole defense at trial was one of alibi.

The lone defense witness was Buckles' sister, and her testimony purportedly established only that Buckles could not have committed the burglary because he was at home when the burglary occurred. She made no mention of his merely having been in possession of the stolen property. And Buckles has cited nothing in the record supporting his claim that he presented a theory of being guilty of theft by receiving stolen property instead of burglary, let alone that he relied on such a theory as his sole defense.

While it is true that a trial court must charge on a defendant's sole defense if it is supported by some evidence,[5] Buckles has not shown that any evidence supported a charge on theft by receiving stolen property as his sole defense.[6] Moreover, we note that the trial court fully and accurately instructed the jury on Buckles' actual defense of alibi. We find no error in the trial court's charge to the jury.

3. Buckles complains that the court erroneously admitted a photograph of him taken at the time he was arrested. The complaint is without merit because Buckles' identity as the perpetrator of the crime was in issue due to his alibi defense. Furthermore, Buckles' appearance at the time of the crime, which matched descriptions given by witnesses, had changed significantly by the time of trial in that he had cut his hair and shaved his beard. Because identity was an issue and the photograph was relevant to show how Buckles appeared at the time of the crime, the trial court did not err in admitting the photograph into evidence.[7]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED MARCH 27, 2003.

*C. Lane Graves*, for appellant.

*Daniel J. Porter, District Attorney, Wesley C. Ross, Assistant District Attorney*, for appellee.

---

[5] *Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513) (1991).
[6] See *Mahone v. State*, 247 Ga. App. 596, 598 (1) (544 SE2d 514) (2001).
[7] See *Rittenhouse v. State*, 272 Ga. 78, 79-80 (3) (526 SE2d 342) (2000).