## A03A0900. WILSON v. THE STATE.
### (583 SE2d 243)

ELLINGTON, Judge.

A Cobb County jury convicted Horrachel Antonio Wilson of burglary, OCGA § 16-7-1, and obstruction of a law enforcement officer, OCGA § 16-10-24. He appeals from the denial of his motion for new trial, contending the evidence was insufficient to support his conviction on either count. Finding no error, we affirm.

> In evaluating the sufficiency of the evidence supporting a conviction, this court must view the evidence in the light most favorable to the verdict. The presumption of innocence no longer applies, and we do not weigh evidence or determine witness credibility. Rather, we decide only if there is enough evidence from which a rational trier of fact could have found the accused guilty of the crime charged beyond a reasonable doubt.

(Footnotes omitted.) *Buckles v. State*, 260 Ga. App. 638 (1) (580 SE2d 638) (2003).

Given that standard, the following are the facts viewed in the light most favorable to the prosecution. On January 11, 2002, the 17-year-old victim and his 16-year-old girlfriend stayed home from school at the victim's house. The victim did not tell anyone else he was going to stay home that day. While the victim was in the shower, his girlfriend heard someone "banging" on the front door. The victim instructed her not to answer it, and she did not. Several minutes later, the victim and his girlfriend were watching television in the living room when they heard a loud crash in the victim's bedroom. The victim walked to the room and saw Wilson crawling through the window and co-defendant Statavius Demarcos McMullen standing outside the window. Wilson was reaching over the victim's bed, and was holding the victim's computer game system. When confronted by the victim, Wilson dropped the game system, and he and McMullen fled to McMullen's house down the street.

The victim called his mother who called 911, and officers responded to the victim's house. The victim knew Wilson and McMul-

len, and pointed the officers to McMullen's house less than a block away. The police went to the house and interviewed Wilson, who told them his last name was Brown. Wilson also gave the officers an inaccurate Social Security number. The police would later learn Wilson's actual name and Social Security number, although he never provided that information or made any attempt to correct his previous inaccurate statements.

At trial the victim testified that no one would have known or expected he would be home from school, and he had not told the defendants he would be there. He testified further that while he was acquainted with the defendants, they were not friends and he had not invited them to his house that day.

1. Wilson argues that the trial court erred in denying his motion for directed verdict on the burglary charge because the evidence was insufficient to prove intent. Burglary does not require a completed theft, but merely the intent to commit a theft. *Ford v. State*, 234 Ga. App. 301, 302 (1) (506 SE2d 668) (1998). The presence or lack of criminal intent is for the jury to decide based on the facts and circumstances proven at trial. *Harris v. State*, 222 Ga. App. 56, 58 (2) (473 SE2d 229) (1996). Factors from which a jury may infer criminal intent include the presence of valuables on the premises,[1] the defendant's holding such valuables,[2] and the defendant's fleeing upon being discovered.[3] Additionally, evidence of an unauthorized entry makes the finding of a further criminal intent all the more reasonable.[4]

In this case, the jury was authorized to find that Wilson intended to commit theft. The evidence showed that Wilson made an unauthorized entry into the victim's bedroom, which contained a computer game system, a stereo, and other valuable entertainment equipment. Additionally, the victim discovered Wilson holding the computer game system. When confronted, Wilson and McMullen immediately fled the scene. As to Wilson's defense that he went over to the victim's house to smoke marijuana and play computer games, the jury was authorized to reject that theory and conclude he went there to commit theft. See *Shelton v. State*, 260 Ga. App. 855 (581 SE2d 378) (2003) (conflicts in the evidence are matters for the jury to resolve). The facts adduced at trial and construed in favor of the prosecution were sufficient to allow a rational factfinder to conclude beyond a

---

[1] See, e.g., *Prothro v. State*, 186 Ga. App. 836, 837 (1) (368 SE2d 793) (1988) (presence of valuables in building allowed jury to infer criminal intent).

[2] See, e.g., *Harris v. State*, 222 Ga. App. at 58 (2) (defendant found holding cash box).

[3] See, e.g., *Bolar v. State*, 216 Ga. App. 195, 197 (4) (453 SE2d 790) (1995) (evidence of flight points circumstantially to guilt).

[4] *Ealey v. State*, 139 Ga. App. 604, 606-607 (2) (229 SE2d 86) (1976).

reasonable doubt that Wilson entered the victim's house without authorization and with the intent to commit theft therein.

2. Wilson also argues that the trial court erred in denying his motion for directed verdict on the charge of obstructing and hindering an officer due to insufficient evidence of intent. We disagree.

A person is guilty of obstructing a law enforcement officer when he or she "knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties." OCGA § 16-10-24 (a). This court has held that "lying with the intent of misdirecting [an officer] as to the performance of his official duties can certainly constitute a hindrance and authorize a misdemeanor conviction under existing OCGA § 16-10-24 (a)." *Duke v. State*, 205 Ga. App. 689, 690 (423 SE2d 427) (1992). Further, "[w]hether or not appellant's lie had the effect of hindering or obstructing the officers in making the arrest [is] for the trior of fact to decide." (Citation omitted.) Id. at 690; *Carter v. State*, 188 Ga. App. 464, 465 (2) (373 SE2d 277) (1988) (jury authorized to find obstruction where defendant gave booking officer an incorrect birth date and Social Security number).

In this case, Wilson told the officer that his last name was Brown and gave the officer an incorrect Social Security number. Despite Wilson's assertions to the contrary, the jury was authorized to find that this misinformation was intentional and hindered the officers in their investigation. *Carter v. State*, 188 Ga. App. at 465 (2).

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED JUNE 9, 2003.

*Frederick M. Scherma*, for appellant.
*Patrick H. Head, District Attorney, Bruce D. Hornbuckle, Amelia G. Pray, Assistant District Attorneys*, for appellee.