A06A1159. WESTMORELAND v. THE STATE.
(636 SE2d 692)

SMITH, Presiding Judge.

A jury found Marshall Lee Westmoreland guilty of burglary. His motion for new trial was denied, and he appeals. Westmoreland raises two enumerations of error, claiming that the trial court erred

---

in denying his motion for a continuance and that the evidence was insufficient to support his conviction. We find no error and affirm.

1. On the morning of his trial, Westmoreland informed his counsel that he could identify the man who actually committed the crime. Based on this information Westmoreland's counsel moved for a continuance so he could investigate Westmoreland's disclosure. The trial court heard argument from the defense and the State and denied the motion.

> A motion for continuance is addressed to the sound discretion of the trial court, and this court will not interfere unless it is clearly shown that the court abused its discretion. . . . [T]he trial judge, in the exercise of his discretion to grant or refuse a continuance, has to consider the facts and circumstances of each case to determine what the ends of justice require. Broad discretion must be granted trial courts on matters of continuances.

(Citations and footnotes omitted.) *Couch v. State*, 256 Ga. App. 822, 823 (1) (570 SE2d 57) (2002). Here, the trial court reasoned that because Westmoreland had been charged and represented by counsel long before his trial date, he had more than sufficient opportunity to discuss this defense with counsel before the morning of trial. The trial court also noted that granting a continuance would set a dangerous precedent and that Westmoreland would have an opportunity to present his claim that another individual committed the burglary if he presented witnesses or took the stand in his own defense.

In his brief, Westmoreland cites the correct standard for this court's review of the denial of a continuance, but he completely fails to demonstrate in any way that the trial court's ruling in this case was an abuse of discretion.

We find no abuse of discretion. Although in his brief Westmoreland characterizes the information he gave his counsel on the day of trial as "newly discovered information," the information he disclosed was surely not a surprise to Westmoreland. He presented nothing to the trial court showing that he did not know and could not have known earlier the same information he gave counsel on the morning of trial. In fact, he argued that he did have the information earlier, but did not divulge it because he feared he would be charged as an accessory simply since he knew the perpetrator's identity. The circumstances had not changed on the morning of trial when he chose to inform his counsel that he had this information. "OCGA § 17-8-20 requires that the party applying for a continuance must show that he has used due diligence." *Woodward v. State*, 262 Ga. App. 363, 366 (2) (585 SE2d 687) (2003). Because Westmoreland did not make that

showing, the trial court did not abuse its discretion in denying the motion for continuance.

2. Westmoreland asserts that the evidence presented by the State was insufficient to support his conviction. He argues that even though the evidence showed an unauthorized entry into the victim's apartment, the victim testified that nothing was missing and that two witnesses who saw Westmoreland leave the premises testified that they did not see him carrying anything out of the apartment.[1]

OCGA § 16-7-1 (a) provides that "[a] person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another." Citing *Ealey v. State*, 139 Ga. App. 604 (229 SE2d 86) (1976), Westmoreland points out correctly that mere illegal entry alone does not satisfy all the elements of the crime of burglary; some evidence must also exist of an intent to commit a felony or, as in this case, a theft, separate and distinct from the unauthorized entry. Id. at 605-606 (2).

The offense of burglary does not, however, require a completed theft. The intent to commit a theft is all that is necessary. *Wilson v. State*, 261 Ga. App. 576, 577 (1) (583 SE2d 243) (2003). And "[t]he presence or lack of criminal intent is for the jury to decide based on the facts and circumstances proven at trial. [Cit.]" Id. Here, the evidence presented at trial showed that several neighbors observed someone peeking out from behind the window blinds of the victim's apartment while the victim and her family were out of town. They saw a window screen on the ground and then saw someone leave the victim's apartment and replace the screen. They identified the person leaving as Westmoreland, with whom they were acquainted. He stopped to ask the neighbors if they had called the police and if they wanted to buy an amplifier, before he "jogged" away. The victim testified that she locked her apartment when she left, that she did not know Westmoreland, and that she had not authorized anyone to enter the apartment. Although she testified that nothing appeared to be missing from her apartment when she returned, a DVD player that was hooked up when she left was disconnected and left on a chair and some DVDs that were in a cabinet when she left were found in a plastic grocery bag on a chair in her living room. She also observed a crack in a window pane and a slightly bent metal window frame. A detective's business card was on a table.

The jury may infer intent from the presence of valuables on the premises, the defendant's holding such valuables, and the defendant

---

[1] Witnesses saw a screwdriver in Westmoreland's back pocket, but they did not see anyone use a screwdriver to gain entry into the victim's apartment.

fleeing upon being discovered. In addition, "an unauthorized entry makes the finding of a further criminal intent all the more reasonable." (Citation and footnote omitted.) *Wilson*, supra, 261 Ga. App. at 577 (1). Here, valuables were on the premises. Although Westmoreland was not discovered holding such valuables, several items in the living room had been disconnected, moved, or placed in a grocery bag. Westmoreland left the victim's apartment with a screwdriver in his pocket. The window frame was bent, and Westmoreland replaced the screen when he left and told the neighbors he was there to visit the victim's daughter, who was on vacation. Westmoreland quickly left when he learned the police had been called. Construed in favor of the jury's verdict, this evidence was more than sufficient to authorize the jury to conclude beyond a reasonable doubt that Westmoreland entered the victim's apartment without authorization and with the intent to commit theft. *Wilson*, supra at 577-578.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 7, 2006.

*Sullivan, Sturdivant & Ogletree, Samuel H. Sullivan, Michele W. Ogletree*, for appellant.

*Scott L. Ballard, District Attorney, Gail M. Travillian, Assistant District Attorney*, for appellee.