## A07A1201. BECK v. THE STATE.

(647 SE2d 408)

BLACKBURN, Presiding Judge.

Following a jury trial, Stuart Beck appeals his conviction of trafficking in methamphetamine,[1] contending that his trial counsel rendered ineffective assistance in violation of his Sixth Amendment right to counsel, in that Beck's counsel (1) failed to request discovery from the State, (2) failed to object to hearsay testimony, (3) opened the door for "bad character" evidence by calling a character witness to testify on Beck's behalf, and (4) elicited harmful testimony from a police informant. As the evidence showed that these were all reasonable strategic decisions, we affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.

(Punctuation omitted.) *Eady v. State.*[2]

So viewed, the record shows that Jason Brown, while incarcerated, contacted a drug enforcement agent to provide information about Beck, with whom Brown had previously conducted drug transactions. After Brown told the agent that he could "set up" Beck, the agent arranged a "reversal," whereby Brown telephoned Beck and offered to sell him approximately 60 grams of methamphetamine. Based on the conversation, police hid at the pre-arranged location

---

[20] (Punctuation omitted.) *Eubanks v. State*, 229 Ga. App. 667 (494 SE2d 564) (1997).

[1] OCGA § 16-13-31 (e) (1).

[2] *Eady v. State*, 256 Ga. App. 696 (569 SE2d 603) (2002).

and watched Beck meet Brown, who handed Beck a can containing the 60 grams of methamphetamine. Police then confronted and arrested Beck, who admitted that he came to the scene to purchase the methamphetamine.

Beck was charged with two counts of trafficking in methamphetamine and found guilty by a jury (with the two counts merging). Beck filed a motion for a new trial, arguing ineffective assistance of counsel, and, following a hearing, the trial court denied Beck's motion, giving rise to this appeal.

The standard of review for ineffective assistance claims is clear.

> In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. As the appellate court, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts. As a general rule, matters of reasonable tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel.

(Citations and punctuation omitted.) *Kohlhaas v. State.*[3] See *Strickland v. Washington.*[4]

1. Beck first contends that his trial counsel rendered ineffective assistance by failing to request discovery under the reciprocal discovery act. We disagree, as the evidence showed that this was a strategic decision.

At the hearing on the motion for new trial, Beck's trial counsel admitted that he did not request reciprocal discovery. However, Beck's trial counsel explained that he had been in contact with Beck about his case since Beck's initial bond hearing, that he had spoken to Brown, who set up the reversal, and that counsel understood the facts of the case. Beck's trial counsel explained that he was aware of the evidence against Beck and viewed the case as an entrapment. Counsel therefore opted not to participate in reciprocal discovery,

---

[3] *Kohlhaas v. State*, 284 Ga. App. 79, 81-82 (2) (643 SE2d 350) (2007).
[4] *Strickland v. Washington*, 466 U. S. 668, 694 (III) (B) (104 SC 2052, 80 LE2d 674) (1984).

because he intended to call a character witness and "didn't necessarily want the State to know about [that] beforehand." Thus, as Beck's trial counsel explained, the failure to opt into reciprocal discovery was a deliberate choice made as a part of trial strategy. Such reasonable tactics do not amount to deficient performance. See *Kohlhaas v. State*, supra, 284 Ga. App. at 82 (2) (a).

2. Beck next contends that his trial counsel was ineffective by failing to object to hearsay testimony offered by an officer as to what Brown (the informant) told him. This contention also fails, because this was a strategic decision.

At trial, a drug task force officer testified as to what Brown told him about Brown's prior drug transactions with Beck. Such testimony, when offered to prove the truth of the matter asserted, is hearsay and generally not admissible. See OCGA § 24-3-1. Beck contends that his trial counsel should have objected to this testimony and avoided an improper showing that Beck had performed drug transactions in the past. However, at the motion for new trial, Beck's trial counsel acknowledged that he could have objected to the testimony but he believed "that all those things led or tended to prove that Brown was in fact, or acting through the cops, was the one who initiated the action." In other words, Beck's trial counsel believed he could use this testimony to support Beck's entrapment defense. The trial court did find an entrapment charge appropriate, and such a strategy, though unsuccessful, is not deficient performance. See *Smith v. State*[5] (" '(a)s to deficient performance, errors in judgment and tactical errors do not constitute denial of effective assistance of counsel' ").

3. Beck also contends that his trial counsel was ineffective because he called a character witness, thereby placing Beck's character at issue. This contention is also without merit.

After the State rested, Beck's trial counsel called a police officer, who knew Beck personally, to testify as to Beck's reputation for truthfulness in the community. Beck now contends that this needlessly opened the door for the State to introduce evidence of two prior felony convictions. However, in light of the entrapment defense, which involved Beck admitting to the crime, see *Flores v. State*[6] ("[a]s a general rule, in order to raise an entrapment defense the defendant must first admit that he committed the crime and then show that he did so because of unlawful inducement by a law enforcement officer"), Beck's trial counsel explained that he "thought it was important to have someone vouch for [Beck]. . . . [S]he's a police officer and has a

---

[5] *Smith v. State*, 207 Ga. App. 290, 291 (2) (428 SE2d 95) (1993).
[6] *Flores v. State*, 277 Ga. App. 211, 213 (4) (626 SE2d 181) (2006).

lot of friends in the community. I felt her vouching for . . . Beck would be of great import." This testimony demonstrates trial counsel's continued strategy of supporting Beck's entrapment defense. In light of the State's use of the character witness to introduce evidence of Beck's prior convictions, "[w]ith the benefit of hindsight, it would appear that this strategy may have backfired. But that is not to say that it was ineffective. Informed strategic decisions do not constitute ineffective legal assistance." (Citation and punctuation omitted.) *Phillips v. State*.[7]

4. Finally, Beck argues that his trial counsel's decision to call Brown as a witness was ineffective assistance. This argument also fails.

At the hearing on the motion for new trial, Beck's trial counsel testified that he called Brown to testify because "we clearly wanted to show that this was not . . . Stuart Beck's idea. . . . He didn't come up with the idea. That this was all part of the State's manufacture." This is consistent with trial counsel's strategy of pursuing an entrapment defense, which is not deficient performance.

"A claim of ineffective assistance of counsel is judged by whether counsel rendered reasonably effective assistance, not by a standard of errorless counsel or by hindsight." *Hooks v. State*.[8] So judged, the evidence supported a finding that Beck "simply failed to show that trial counsel's performance was deficient so as to prejudice his defense." *Stokes v. State*.[9]

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED JUNE 8, 2007.

*Suzanne M. Boykin*, for appellant.
*Michael H. Crawford, District Attorney, Tricia Hise Leeman*, for appellee.

---

[7] *Phillips v. State*, 277 Ga. 161, 163-164 (b) (587 SE2d 45) (2003).
[8] *Hooks v. State*, 280 Ga. 164, 165 (3) (626 SE2d 114) (2006).
[9] *Stokes v. State*, 281 Ga. 825, 835 (8) (642 SE2d 82) (2007).