## A08A0603. ANUFORO v. THE STATE.

(666 SE2d 50)

SMITH, Presiding Judge.

A jury found Aiden Ifeanyi Anuforo guilty of family violence battery. Anuforo appeals, arguing that he received ineffective assistance of counsel and that the trial court erred in refusing to continue the hearing on his motion for new trial. For reasons that follow, we affirm.

Construed favorably to the verdict, the evidence shows that on the morning of August 16, 2002, Anuforo and his wife began arguing about who would be home that afternoon to take care of their son after school.[1] When the wife told Anuforo that he should be home, Anuforo grabbed her arm and scratched her face, leaving marks. She then called the police.

Officer Wayne Delk responded to the scene and noted that Anuforo's wife was visibly upset. The wife told Delk that Anuforo had physically assaulted her, grabbing her by the arm and throat. Delk observed a scratch on her arm and bruising around her neck. Delk also spoke with Anuforo, who admitted that he struck his wife.

1. Anuforo argues that he received ineffective assistance of counsel because trial counsel failed to opt into reciprocal discovery. To succeed in this claim, Anuforo must demonstrate that counsel's performance was deficient and that the deficiency so prejudiced his defense "that there is a reasonable likelihood that, but for counsel's

---

[1] At the time, Anuforo and his wife were divorced, but living in the same household. Several years after the incident, the couple remarried.

YALE LAW LIBRARY

errors, the outcome of the trial would have been different." (Citation, punctuation and footnote omitted.) *Beck v. State*, 285 Ga. App. 764, 765 (647 SE2d 408) (2007). Matters of reasonable tactics and strategy generally do not constitute ineffective assistance, and Anuforo must overcome a strong presumption that counsel's actions fell within the broad range of acceptable professional conduct. Id.

On appeal, Anuforo claims that because counsel never requested discovery from the State, counsel learned most of the case facts during trial and did not know about his alleged admission to Delk. He contends that counsel was surprised by Delk's testimony regarding the admission and thus unable to defend against it.

At the new trial hearing, however, Anuforo did not ask trial counsel about the discovery issue or establish when counsel learned about the admission. Other than bare assertions regarding counsel's purported ignorance, Anuforo offered no evidence that counsel was unprepared or unaware of the salient evidence before trial began. In contrast, counsel testified that he was prepared for trial, and Anuforo has pointed to nothing in the trial transcript indicating that counsel was surprised by Delk's testimony. Moreover, the record shows that trial counsel sought to combat Delk's testimony by undermining his credibility at trial.

Absent contrary testimony, decisions regarding whether to opt into reciprocal discovery are presumed strategic. *McClarity v. State*, 234 Ga. App. 348, 352 (3) (b) (506 SE2d 392) (1998). Anuforo has not pointed to any evidence rebutting this presumption or establishing that counsel's failure to participate in discovery left him unprepared for trial. Anuforo also has not demonstrated any likelihood that the result of the trial would have been different had counsel opted into discovery. Even assuming that counsel did not know about the admission until the day of trial, Anuforo has offered no evidence that counsel would have — or could have — challenged the confession more effectively had he known about it sooner. Accordingly, Anuforo cannot show ineffective assistance on this ground. See id.; see also *Snelson v. State*, 286 Ga. App. 203, 207-208 (1) (648 SE2d 647) (2007) (rejecting ineffective assistance claim where defendant failed to demonstrate that result of trial likely would have been different had counsel obtained certain evidence from the State through reciprocal discovery).

2. In a related claim, Anuforo argues that the trial court erred in denying his motion to continue the new trial hearing so that he could develop evidence regarding the discovery issue. We find no error.

The hearing on Anuforo's motion for new trial extended over a two-day period. Trial counsel testified on the first day and, at the end of that testimony, the trial court released him as a witness without objection from either party. The next day, Anuforo's appellate

counsel raised the discovery issue. Counsel stated: "Yesterday when I was discussing with Mr. Anuforo some grounds that he had concerns about, he had told me at that point that his trial counsel had not opted into or filed discovery or received discovery in the case. That was my first notice of that." Appellate counsel asked for a continuance to develop and present evidence regarding the discovery issue, but the trial court refused to delay the proceedings.

When presented with a continuance request, a trial court should consider the particular facts and circumstances of the case "to determine what the ends of justice require." (Citation, punctuation and footnote omitted.) *Westmoreland v. State*, 281 Ga. App. 497, 498 (1) (636 SE2d 692) (2006). Ultimately, "[a] motion for a continuance of the hearing on motion for new trial is addressed to the sound discretion of the trial judge, and in the absence of a clear showing to the contrary, it will be presumed that such discretion was not abused." (Citations omitted.) *Shouse v. State*, 231 Ga. 716, 721 (16) (203 SE2d 537) (1974).

Anuforo has not demonstrated any abuse here. According to appellate counsel, he learned about the discovery issue after trial counsel testified at the new trial hearing. Anuforo, however, admittedly knew *before trial* that trial counsel "had no discovery . . . [and] was not prepared." Moreover, although Anuforo realized the potential importance of the issue and expressed "concern[ ]" about the lack of discovery to appellate counsel, he waited until *after* trial counsel testified at the new trial hearing to voice his concern.

The trial court was authorized to conclude that Anuforo exercised little diligence in pursuing the discovery issue through his motion for new trial and that the ends of justice required no continuance. Accordingly, it did not abuse its discretion in refusing to continue the proceedings. See *Shouse*, supra, 231 Ga. at 721 (16); *Westmoreland*, supra, 281 Ga. App. at 498-499 (1); see also OCGA § 17-8-20 ("In all cases, the party making an application for a continuance must show that he has used due diligence.").

3. On April 8, 2008, almost five months after this appeal was docketed, Anuforo filed a supplemental brief raising numerous arguments that do not reasonably fall within the two very specific enumerated errors set forth in his original appellate brief.[2] We will not consider these new arguments on appeal. As we have consistently held, a party cannot broaden his enumerated errors through argument or citations in a brief. *Manley v. State*, 287 Ga. App. 358, 360 (4) (651 SE2d 453) (2007). "Attempts in a supplemental brief

---

[2] After the initial briefs were filed, Anuforo's appellate counsel withdrew, and we granted Anuforo leave to file the supplemental brief pro se.

to expand the issues beyond the scope of the enumeration of errors are improper." (Punctuation omitted.) *Campbell v. State*, 253 Ga. App. 325, 326 (3) (558 SE2d 857) (2002).

Moreover, to the extent Anuforo seeks to *add* claims of error through his supplemental brief, that effort also must fail. Under Court of Appeals Rule 22 (a), an appellant's enumeration of errors must be filed within 20 days after docketing. Our case law firmly establishes that, after this 20-day period expires, the appellant may not amend or add to his claims of error. See *Turner v. State*, 289 Ga. App. 103, 104 (3) (656 SE2d 235) (2008). The new allegations of error in Anuforo's supplemental brief, therefore, are not properly before us. See *Bryant v. State*, 288 Ga. App. 564, 565 (655 SE2d 247) (2007) (since supplemental brief was filed more than 20 days after appeal was docketed, enumeration of error raised therein was untimely).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JUNE 26, 2008 —
RECONSIDERATION DENIED JULY 24, 2008 — 

Aiden I. Anuforo, *pro se.*

*Patrick H. Head, District Attorney, Reuben M. Green, John R. Edwards, Assistant District Attorneys*, for appellee.