## A09A0544. GIPSON v. THE STATE.
(677 SE2d 431)

MILLER, Chief Judge.

A jury convicted Cedric Eugene Gipson of one count of aggravated child molestation (OCGA § 16-6-4 (c)), one count of incest (OCGA § 16-6-22), and one count of cruelty to children — first degree (OCGA § 16-5-70). Gipson appeals, contending that the trial

---

court erred in (i) denying his motion for mistrial grounded upon a State witness' comment on his right to remain silent, and (ii) denying his motion for a continuance to obtain out-of-state witnesses and new counsel. Discerning no error, we affirm.

Viewed in the light most favorable to the jury's verdict (*Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)), the evidence shows that the victim, Gipson's nine-year-old stepdaughter, testified that he began sexually abusing her while she and her family lived in Decatur and continued to do so after the family moved to Covington where Gipson placed the tip of his penis in her vagina, performed cunnilingus on her, and required her to perform fellatio on him. The victim's mother testified that the victim reported these incidents to her in September 2005; that Gipson denied the victim's claims on being confronted with them; and that approximately one week later, after speaking with her pastor, she notified law enforcement of the victim's allegations.

Other evidence showed that Gipson later asked his wife how they might stop the police investigation into the accusations against him and admitted committing the offenses to her, explaining that "something came over him" and "he wasn't himself." And on the date of his arrest, Gipson text-messaged his wife as he was being transported to jail, asking her if she could "make this go away" and "do they know I've confessed," suggesting that she have the victim recant her accusations and claim that she made the accusations because she was angry with him.

1. Gipson challenges the trial court's denial of his motion for a mistrial, arguing prejudice inuring to his detriment upon the comment of a State's witness indicating that he had exercised his Fifth Amendment right against self-incrimination. "Every comment directed toward a defendant's silence will not be cause for an automatic reversal." *Smith v. State*, 244 Ga. 814, 815 (1) (262 SE2d 116) (1979). Reversal is not required in this case.

We review the "denial of a motion for mistrial under an abuse of discretion standard." (Footnote omitted.) *Hamilton v. State*, 293 Ga. App. 297, 300 (3) (666 SE2d 630) (2008).

Here, the record shows that the prosecutor asked the State's lead investigator what he had done after interviewing the victim's mother. The witness replied that he then attempted to interview Gipson who chose to "invoke[ ] his *Miranda* Rights and did not want to speak without an attorney." At a bench conference out of the presence of the jury, trial counsel moved for a mistrial, which motion the trial court denied. The trial court did so indicating that it would give a curative instruction as a part of its charge to the jury, but later failed to do so. Gipson did not request a charge on the issue. No further comment was made by any of the State's witnesses or the

prosecutor as to the complained-of comment. The comment, by its own terms, did not sound in evidence of Gipson's guilt. Nor can it be characterized as calculated to undermine Gipson's defense which was simple denial predicated on the incredibility of the victim.

"To reverse a conviction the evidence of [a] defendant's election to remain silent must point directly at the substance of defendant's defense or otherwise substantially prejudice the defendant in the eyes of the jury." *Smith*, supra, 244 Ga. at 816 (1); see also *Felton v. State*, 93 Ga. App. 48, 49 (1) (90 SE2d 607) (1955) (The law regarding the right to mistrial as to the improper comment of witnesses is "governed by analogizing the law embodied in [OCGA §§ 9-10-185; 17-8-75 (pertaining to improper statements of counsel)], and by reference to the fundamental rules of law guaranteeing fair and impartial trials."). The comment as to Gipson's election to remain silent plainly had no direct bearing on his denial defense. That on cross-examination, Gipson admitted the offenses of which he was convicted, there is no question of prejudice before the jury denying him fundamental fairness at trial. It follows that the trial court did not abuse its discretion in denying Gipson's motion for mistrial. *Hamilton*, supra, 293 Ga. App. at 300 (3).

2. Gipson also contends that the trial court erred in denying his motion for a continuance, arguing a need to procure an expert witness and to retain new trial counsel. We disagree.

> A motion for continuance is addressed to the sound discretion of the trial court, and this court will not interfere unless it is clearly shown that the court abused its discretion. The trial judge, in the exercise of his discretion to grant or refuse a continuance, has to consider the facts and circumstances of each case to determine what the ends of justice require. Broad discretion must be granted trial courts on matters of continuances.

(Citation and punctuation omitted.) *Westmoreland v. State*, 281 Ga. App. 497, 498 (1) (636 SE2d 692) (2006).

Less than five days before jury selection, Gipson sought leave of court to obtain new trial counsel because his trial counsel had failed to timely contact a defense witness located in Texas. At the time of jury selection, Gipson raised the need to obtain a second defense witness in Texas, his mother's gynecologist. The record shows, however that neither witness was willing to testify.

The "[d]enial of continuance may be proper where defendant negligently failed to employ counsel promptly or where it appears that he is using the tactic for delay. [Cit.]" *Stephens v. State*, 208 Ga. App. 620, 621 (1) (431 SE2d 422) (1993). A trial court is authorized

to conclude that a continuance is sought for delay where, as here, the defendant seeks a continuance for the purpose of obtaining unavailable witnesses. Under the circumstances of this case, the trial court did not abuse its discretion in denying Gipson's motion for a continuance. *Westmoreland*, supra, 281 Ga. App. at 498 (1).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED APRIL 9, 2009.

*Novy, James & Vaughan, Eugene Novy, Deborah M. Vaughan*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Melanie M. Bell, Assistant District Attorney*, for appellee.