**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 7, 2015**

# In the Court of Appeals of Georgia

A15A1595. VILLEGAS v. THE STATE.

MCMILLIAN, Judge.

Jose Humberto Villegas appeals the trial court's denial of his motion for new trial after a jury convicted him on one count of burglary. On appeal, Villegas argues that the evidence was insufficient to support the verdict and that his trial counsel provided ineffective assistance by failing to request a jury charge on the lesser included offense of criminal trespass. Finding no error, we affirm.

Viewed in the light most favorable to the verdict,[1] the evidence shows that on January 19, 2010, Claudia Flores was alone at her mother's house with her infant son when she heard a knock on the door. After Flores looked through a window and saw

---

[1] *Jackson v. Virginia*, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

a man she did not recognize[2] at the door, she took her son into her mother's bedroom. The evidence showed that a television and a stereo were clearly visible inside the house through the window on the side of the door.

The man at the door then knocked hard on the window two to three times and kicked in the door. Flores immediately came out of her mother's bedroom with her infant in her arms and asked the man what he was doing there. He stepped back, as if he was not expecting anyone to be in the house. The man told Flores that he was looking for someone named "Juan" who owed him money. Flores told the man that no one named Juan lived there[3] and he should leave. The man said that he had just spoken with Juan 15 minutes earlier, and he had given the man Flores's address. When Flores said she was going to call the police, the man took off running. Flores identified Villegas at trial as the man who kicked in her door. Flores also testified that she saw another man standing outside by a tree. After Villegas kicked in the door revealing Flores inside, this other man also started running.

---

[2] She testified that the man at the door was turned to the side, partially obscuring her view of the man's face.

[3] Police later verified that no one named "Juan" lived at that address.

Investigator Scarbrough of the Gwinnett County Police Department was in the area of Flores's residence at the time, and he responded to the report of the incident, which included a description of two young, bald men, one wearing a blue jacket and both wearing blue pants. On his way to the residence, Scarbrough stopped a vehicle containing two men matching the description. The two men appeared very nervous, and Scarbrough took them with him to Flores's residence. She identified one of the two men as the man she saw standing by the tree, and he was arrested at that time.

Flores also told Scarbrough that after she saw Villegas in her house, she recognized him as someone named "Slap," whom she often saw around the neighborhood. She did not know his real name. Scarbrough determined that Villegas went by the name "Slap," and he prepared a photo lineup with photographs of six individuals including Villegas, which he showed to Flores the next day. She identified Villegas from the lineup as the man who had kicked in her door.

Flores's mother testified that she had never met Villegas and had never given him permission to enter her home.

1. Villegas asserts that the evidence was insufficient to support his burglary conviction because it failed to eliminate the reasonable hypothesis that he kicked in the door in search of "Juan," and not with the intent to commit a theft.

3

The indictment against Villegas alleged that he entered the Flores residence without authority and with the intent to commit a theft. We note that

> [b]urglary does not require a completed theft, but merely the intent to commit a theft. The presence or lack of criminal intent is for the jury to decide based on the facts and circumstances proven at trial. An intent to steal may be inferred when the evidence shows an unlawful entry into the building of another where valuable goods are stored or kept inside.

(Citations and punctuation omitted.) *Sermons v. State*, 294 Ga. App. 293, 294 (669 SE2d 210) (2008). See also *Westmoreland v. State*, 281 Ga. App. 497, 499-500 (2) (636 SE2d 692) (2006); *Wilson v. State*, 261 Ga. App. 576, 577 (1) (583 SE2d 243) (2003).

In support of his argument, Villegas relies upon former OCGA § 24-4-6,[4] which stated, "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." However, this legal principle applies only when the State's case against the defendant is "wholly

---

[4] Flores's trial occurred in June 2012 when Georgia's old Evidence Code was still in effect. See Ga. L. 2011, pp. 99, 214, § 101 (new Code applies "to any motion made or hearing or trial commenced on or after" January 1, 2013). Former OCGA § 24-4-6 appears in the new Evidence Code as OCGA § 24-14-6.

4

circumstantial." *Walker v. State*, 295 Ga. 688, 691 (2) (763 SE2d 704) (2014). In this case, the prosecution presented both direct and circumstantial evidence against Villegas. Flores's testimony describing the events of the day and identifying Villegas as the man who kicked in her door provided direct evidence of his participation in the crime. Therefore, the rule set forth in former OCGA § 24-4-6 does not apply.

But even if the rule applied in this case,

> [w]hether an alternative hypothesis raised by the defendant is reasonable is a question committed principally to the jury, and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of the guilt of the accused, we will not disturb that finding unless it is insupportable as a matter of law.

(Citation and punctuation omitted.) *Black v. State*, 296 Ga. 658, 660 (1) (769 SE2d 898) (2015). Thus, only the jury was authorized to weigh the evidence, and it was not required to believe Villegas's statement to Flores explaining his presence in her home. See *Gibbs v. State*, 295 Ga. 92, 95 (1) (757 SE2d 842) (2014); *Hayes v. State*, 268 Ga. 809, 811 (1) (493 SE2d 169) (1997). And we find that the evidence that valuables were clearly visible through the window of the house, that Villegas forcibly entered the home after attempting to ascertain whether anyone was home, and that he

fled when Flores said she was calling the police was sufficient for the jury to find beyond a reasonable doubt that he committed the offense of burglary.

2. Villegas next contends that he received ineffective assistance of counsel because his trial attorney failed to request a jury charge on the lesser included offense of criminal trespass.

> In order to succeed on his claim of ineffective assistance, [Villegas] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. If an appellant fails to meet his or her burden of proving either prong of [this] test, the reviewing court does not have to examine the other prong. In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

(Citations and punctuation omitted.) *Lamar v. State*, 297 Ga. 89, 91-92 (3) (772 SE2d 636) (2015). See also *Strickland v. Washington*, 466 U.S. 668 (104 SCt 2052, 80 LE2d 674) (1984). Moreover, "[t]rial tactics and strategy, however mistaken they may appear with hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would

have chosen them." (Citation and punctuation omitted.) *Horne v. State*, 333 Ga. App. 353, 357 (2) (773 SE2d 467) (2015).

At the hearing on Villegas's motion for new trial, his trial attorney testified that he was aware that criminal trespass was a lesser included offense of burglary under the facts of this case, but he pursued a defense of mistaken identity at trial based on Villegas's claim that he was not present when the crime was committed. Villegas consistently claimed that he was not there and, in fact, said that he was out of state at the time. The attorney initially filed a notice of an alibi defense and had identified alibi witnesses, but he was unable to bring them to Georgia from Texas for the trial, preventing the pursuit of that defense. Counsel testified that instead he emphasized at trial that police had stopped a vehicle in the vicinity with two *other* men matching the victim's description of the perpetrators. He also highlighted the fact that Villegas could not be tied to the vehicle in which the two men were riding. He also questioned Flores about inconsistencies in her identification of the man who kicked in her door. Thus, counsel focused his defense on pointing out the weaknesses and inconsistencies in the State's case.

And although counsel did not request a charge on criminal trespass or specifically discuss the issue with Villegas, he discussed with Villegas the issue of

whether he would be willing to plead guilty to burglary with credit for time served or criminal trespass if the State had offered it. Villegas said that he would not enter a plea as to anything in connection with this incident. Villegas testified, however, that his trial attorney never mentioned the term "lesser included offense" or suggested that the jury might convict him of only a misdemeanor if given the alternative. He stated that he would have liked for the jury to have had that option.

Based upon our review of the record, we agree with the trial court's conclusion that "[c]ounsel's decision to forgo a request to charge on criminal trespass, but rather go for an 'all-or-nothing' strategy is not so patently unreasonable that no competent attorney would have made that decision." See *Ingram v. State*, 317 Ga. App. 606, 607-608 (2) (732 SE2d 456) (2012) (counsel's failure to request jury charge on misdemeanor obstruction of an officer in trial on a charge of felony obstruction and to instead pursue "all-or-nothing" defense was reasonable strategic decision); *Leonard v. State*, 279 Ga. App. 192, 194-195 (2) (b) (630 SE2d 804) (2006) (failure to request a charge on lesser included offense of battery in connection with aggravated assault charge based on an all-or-nothing defense was not patently unreasonable); *Rudnitskas v. State*, 291 Ga. App. 685, 689 (3) (d) (662 SE2d 729) (2008) (failure to request charge on criminal trespass charge in burglary trial not

8

deficient performance where charge would have conflicted with theory of defense); *Benefield v. State*, 253 Ga. App. 14, 15 (3) (a) (557 SE2d 476) (2001) (decision to pursue "all-or-nothing" defense instead of a defense that would present criminal trespass as an option for the jury is a matter of trial strategy not amounting to ineffective assistance).

Accordingly, we find that the trial court properly denied Villegas's motion for new trial.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur*.