**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**February 17, 2021**

# In the Court of Appeals of Georgia

A20A1850. LONDON v. THE STATE.

REESE, Presiding Judge.

A jury found Mason London ("the Appellant") guilty of one count of armed robbery.[1] The Appellant filed an amended motion for a new trial, which the Superior Court of Muscogee County denied. On appeal, the Appellant argues that trial counsel was ineffective in failing to object to testimony regarding a second shooting offered at trial. For the reasons set forth infra, we affirm.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the jury's verdict, and we do not weigh the evidence or determine

---

[1] See OCGA § 16-8-41 (a). The Appellant was originally charged with a second count of armed robbery, which alleged that he and Reuben Lawrence robbed Quntay Thomas on August 24, 2013. When Thomas failed to attend the trial to testify, the State agreed not to mention this charge, and ultimately dismissed it at the conclusion of its case.

witness credibility.[2] So viewed, the record shows the following. In the early morning hours of August 24, 2013, Bruce Thompkins was walking home from work when a black Chevy Blazer approached him. He testified that the vehicle started to follow him and then stopped to let out its passenger. This individual approached Thompkins at a fast pace with a pistol drawn and said, "Give me your money." When Thompkins kept walking, the individual replied, "You're going to give me the money," and pushed the gun to his face. Thompkins stated that at this point the Blazer turned around, and the driver, whom Thompkins identified as the Appellant, exited the vehicle, pointed a handgun at him, and said, "You need to give it up." Thompkins testified, "I threw my hands up," and the two men took his wallet, phone, and book bag.

After the men left, Thompkins called the police, and an officer arrived in approximately five to ten minutes. Thompkins then provided a physical description of the driver to the officer. Thompkins later repeated his description of the driver to the detective working the case, identified the Appellant from a photographic lineup as one of the men who had robbed him, and positively identified him several days

_____

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979); *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

after the robbery at recorder's court and again at trial. Thompkins testified that he was able to see the Appellant's face clearly because of light coming from a church and the vehicle.

The State called James Fordham, Jr. who testified regarding an unrelated shooting involving Lawrence. Fordham stated that on August 25, 2013 (the day after Thompkins' robbery), he visited a house party, where he noticed the Appellant who was arguing loudly with his girlfriend. After Fordham left the party and while walking to his truck, Lawrence snuck up behind him, grabbed his neck, and brought a handgun to his chest stating, "Give me your money, Pop." Before Fordham could comply, Lawrence shot him. Fordham testified that earlier at the party he had seen the Appellant talking to Lawrence, but noted he could not hear what they were saying.[3]

Officer Joby Duncan testified that the Appellant was initially arrested and questioned about Fordham's shooting. Duncan noted, although Fordham remembered seeing the Appellant at the party, Fordham did not identify him as his shooter. Duncan also testified the Appellant was not charged in relation to this incident.

_____

[3] Before trial began, the Appellant's trial counsel informed the court he had some concerns that Fordham's testimony might imply the Appellant was involved in his shooting. While he acknowledged the men's relationship was relevant, he was concerned Fordham's testimony might "get out of hand." Trial counsel did not, however, object to the testimony.

A jury found the Appellant guilty of one count of armed robbery. The Appellant subsequently filed an amended motion for a new trial, arguing, inter alia, that trial counsel was ineffective in failing to object to improper character evidence. After a hearing, at which the Appellant's trial counsel testified, the court denied the motion. It found the testimony of Fordham and Duncan was admissible, and therefore counsel's performance was not deficient, and that the admission of their testimony was not prejudicial. This appeal followed.

"In reviewing a trial court's determination regarding a claim of ineffective assistance of counsel, this court upholds the trial court's factual findings unless they are clearly erroneous; we review a trial court's legal conclusions de novo."[4] With these guiding principles in mind, we now turn to the Appellant's sole claim of error.

The Appellant argues that trial counsel provided ineffective assistance in failing to object to testimony regarding an unrelated shooting. The Appellant claims the detailed testimony from Fordham, a disabled veteran, allowed the jury to sympathize with Fordham, and infer the Appellant was somehow involved in the shooting. We disagree.

---

[4] *Bubrick v. State*, 293 Ga. App. 502, 504 (3) (667 SE2d 666) (2008) (punctuation and footnote omitted).

In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. . . . As the appellate court, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.[5]

However, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."[6]

Even assuming trial counsel was deficient in not objecting to testimony about Fordham's shooting, the Appellant failed to establish the requisite prejudice, i.e., "a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[5] *Beck v. State*, 285 Ga. App. 764, 765 (647 SE2d 408) (2007) (citations and punctuation omitted).

[6] *Lupoe v. State*, 300 Ga. 233, 240 (2) (794 SE2d 67) (2016) (citations and punctuation omitted).

proceeding would have been different."[7] Thompkins testified he was able to see the Appellant clearly on the night of the robbery due to lights from a church and the Blazer. Thompkins also provided a description matching that of the Appellant shortly after the incident, picked him out of a photo lineup, and affirmatively identified him at recorder's court and at trial. As the Supreme Court of Georgia has held, strong evidence of the appellant's guilt established at trial undercuts his claim that the admission of possibly objectionable evidence affected the jury's decision, thereby resulting in prejudice.[8]

Additionally, although the State presented testimony regarding Fordham's shooting, the State acknowledged at trial the Appellant was never indicted for this crime. Duncan testified that Fordham did not identify the Appellant as his shooter, and the State noted in its opening and closing that there was no evidence connecting the Appellant to the shooting.

Therefore, as eyewitness testimony of the victim of the charged offense identified the Appellant as the robber, and because the State informed the jury on

---

[7] *Jackson v. State*, 321 Ga. App. 607, 610 (1) (739 SE2d 86) (2013) (citations and punctuation omitted).

[8] *Mohamed v. State*, 307 Ga. 89, 94 (3) (834 SE2d 762) (2019)*; see Gibbs v. State*, 303 Ga. 681, 682-683 (1) (813 SE2d 393) (2018).

more than one occasion he was not tied to Fordham's shooting, the Appellant has not shown there was a reasonable likelihood the jury would have reached a different conclusion but for trial counsel's failure to object.[9] For the reasons stated above, we affirm the trial court's denial of his motion for a new trial.

*Judgment affirmed. Markle and Colvin, JJ., concur.*

---

[9] See *Mohamed*, 307 Ga. at 92-93 (2), 94 (3).