S11A1406. SANDERS v. THE STATE.
(721 SE2d 834)

HUNSTEIN, Chief Justice.

A jury convicted Richard Sanders of murder in the drive-by shooting of Demetrius Pearson.[1] Sanders contends that he did not receive a fair trial because the trial court restricted his cross-examination of an eyewitness and the prosecutor improperly injected his character into evidence. Because the trial court did not abuse its discretion in limiting impeachment related to a witness's first offender plea or denying the motion for a mistrial, we affirm.

1. The evidence presented at trial shows that 18-year-old Pearson and his 16-year-old friend, Cole Baker, sold fake crack cocaine to a "junkie" for $200 on Labor Day in 2007. Later that afternoon, they

---

[1] The shooting occurred on September 4, 2007, and Sanders was indicted in Fulton County on December 4, 2007. On July 17, 2009, the jury found him guilty of malice murder, felony murder, aggravated assault with a deadly weapon, and possession of a firearm during the commission of a felony, and the trial court sentenced him to life imprisonment on the malice murder charge and a consecutive five-year term on the firearm possession charge. The remaining charges merged or were vacated by operation of law. Sanders filed a motion for new trial on July 24, 2009, which was denied on November 19, 2010. After the trial court granted a motion for out-of-time appeal, Sanders filed a notice of appeal on March 14, 2011. The case was docketed for the September 2011 term and orally argued on September 20, 2011.

were shooting dice for money with several people, including Dontae Armstead and Sanders, whom Pearson knew from the Job Corps. After midnight, Pearson, Baker, and Armstead were walking to their motel near I-20 and Fulton Industrial Boulevard when they heard gunshots and started running. Armstead testified that he heard six to eight gunshots and someone shouting, "Let me get them back." Baker testified that he turned to his right when he heard the gunshots and saw the shooter in the passenger window of a gold Suburban; the person was wearing a lime green shirt and gold sunglasses and had gold teeth. Baker further testified that he was able to see the shooter from the light coming from the streetlights and the gun flashes. He heard someone say, "Give me what's in your pocket, not what you gave me earlier," and ran with his friends until Pearson fell. In a police interview and at trial, Baker identified the shooter as Sanders. When police arrested Sanders, he was wearing a lime green shirt and gold sunglasses. The medical examiner testified that Pearson died from a gunshot wound to his chest. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Sanders guilty beyond a reasonable doubt of the crimes charged. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Sanders contends that the trial court erred by restricting his cross-examination of Baker, who was the only witness to identify Sanders as the gunman. Sanders asserts that he was entitled to impeach Baker with his first offender plea in Fulton County to show bias and a motive to testify favorably for the State.

The successful completion of probation as a first offender shall not be considered a criminal conviction and cannot be used to impeach a witness on general credibility grounds. See *Matthews v. State*, 268 Ga. 798, 802 (4) (493 SE2d 136) (1997). Because first offender status is not considered an adjudication of guilt, a witness also may not be impeached on general credibility grounds with a first offender sentence that is currently being served. See *Davis v. State*, 269 Ga. 276, 277 (2) (496 SE2d 699) (1998). When the impeachment is to show bias, however, we have previously held that the Confrontation Clause of the Sixth Amendment permits a defendant in a criminal case to cross-examine witnesses about their first offender status. See *Smith v. State*, 276 Ga. 263, 264 (2) (577 SE2d 548) (2003). The Sixth Amendment right of confrontation is not absolute, and trial courts retain broad discretion to impose reasonable limits on cross-examination to avoid harassment, prejudice, confusion, repetition, or irrelevant evidence. See *Watkins v. State*, 276 Ga. 578, 582 (3) (581 SE2d 23) (2003).

In this case, the witness pled guilty to burglary in Fulton County as a first offender in October 2008 and later pled guilty to burglary

in Clayton County as a first offender in February 2009. Sanders argued that he should be permitted to impeach Baker on both pleas. The trial court rejected the argument that the cross-examination related to the Fulton County plea was intended to show bias and ruled that Sanders could not cross-examine Baker concerning the Fulton County plea for purposes of general impeachment. Based on OCGA § 42-8-60 (b), which states that a person cannot plead guilty under the First Offender Act more than once, the trial court concluded that the second plea in Clayton County was not permitted under the law and Sanders could use it to impeach the witness.

The trial court did not abuse its discretion in prohibiting Sanders from impeaching Baker with the Fulton County plea. Sanders did not make a proffer explaining why Baker would want to curry favor with the prosecutor or the benefit he hoped to gain from his testimony. Instead, Sanders argued that the witness was biased and had a motive to testify favorably based on two unsupported assumptions: (1) Baker's second plea in Clayton County meant his first offender status in Fulton County would be revoked and (2) the Fulton County District Attorney's Office would be responsible for seeking the revocation. Sanders presented no evidence that the State intended to seek revocation of Baker's first offender status in either Fulton or Clayton County, Baker was aware that his probation in Fulton County could be revoked based on his Clayton County plea, or the district attorney's office intended to make any recommendation in connection with a possible revocation. Under OCGA § 42-8-38 (a), the probation supervisor has the responsibility to prosecute any revocation, not the district attorney. Sanders needed to present facts in addition to the existence of two first offender pleas to support his efforts to impeach the witness for bias. See *Turtle v. State*, 271 Ga. 440, 444 (4) (520 SE2d 211) (1999) (permitting cross-examination of witness concerning pending criminal charges and a pending probation revocation to show bias); *Scott v. State*, 242 Ga. App. 850, 852 (527 SE2d 210) (1999) (allowing cross-examination of co-defendant about petition seeking revocation of her first offender probation when there was an outstanding bench warrant). Without some evidence showing the connection between Baker's first offender status and his desire to shade his testimony to curry favor with the State, the trial court did not abuse its discretion in prohibiting the cross-examination about the Fulton County plea. See *Young v. State*, 290 Ga. 441, 444 (5) (721 SE2d 839) (2012).

3. Sanders also contends that the trial court abused its discretion in denying his motion for a mistrial after the State elicited hearsay testimony that the motive for the shooting was retaliation for a fake drug deal and that the curative instruction was insufficient to ameliorate the prejudicial effect of the improper character evidence.

During opening statement, the prosecutor told the jury that a junkie came to the motel looking for "Rick" because he wanted to buy drugs from the defendant. Defense counsel objected on hearsay grounds and moved for a mistrial. The trial court denied the motion and instructed the prosecutor not to refer to any statements made by an unidentified person who was not going to testify. Later Baker testified during direct examination that the unnamed junkie said he usually bought his drugs from "a dude named Ricky." Defense counsel objected and moved again for a mistrial. The trial court sustained the objection, denied the motion for a mistrial, directed that the response be stricken from the record, and gave a curative instruction that the jury should not consider any statements that the witness made about what someone else said. Trial counsel did not renew the motion for a mistrial.

A review of the trial transcript shows that Sanders objected to the opening statement and testimony on hearsay grounds and did not mention bad character evidence or the confrontation clause as grounds for an objection. Because Sanders did not contend at trial that the testimony was improper character evidence or violated his Sixth Amendment right of confrontation, these bases for objections were not preserved for review on appeal. See *Wesley v. State*, 286 Ga. 355, 356 (2) (689 SE2d 280) (2010) (failure to object to bad character evidence at trial constitutes a waiver of appellate review of the issue); *Heidler v. State*, 273 Ga. 54, 60 (7) (537 SE2d 44) (2000) (failure to object to the admission of two videotapes as a violation of the Confrontation Clause waived defendant's right to raise the issue on appeal).

Assuming the objections can be construed as invoking the defendant's constitutional right to confront the witness, we find no error. "When prejudicial matter is improperly placed before the jury, a mistrial is appropriate if it is essential to the preservation of the defendant's right to a fair trial." *White v. State*, 268 Ga. 28, 32 (4) (486 SE2d 338) (1997). The trial court has the discretion to decide whether a mistrial is the only corrective measure to take or whether proper instructions withdrawing the testimony from the jury's consideration can correct the prejudicial effect. See *Smith v. State*, 288 Ga. 348, 350 (3) (703 SE2d 629) (2010). In this case, the trial court took sufficient precautions to exclude the inadmissible evidence from the jury's consideration as evidence. Prior to the opening statements, the trial court instructed the jury that what the attorneys say in their statements is not evidence. After the initial objection, the trial court told the prosecutor to make no further references to any statements by an unnamed person who was not going to testify as a witness at trial. Following the renewal of the motion, the trial court granted the motion to strike the witness's

testimony and instructed the jury not to consider the witness's response concerning someone else's statements. Based on these actions, the trial court did not abuse its discretion in refusing to grant a mistrial. See *Rafi v. State*, 289 Ga. 716, 720 (4) (715 SE2d 113) (2011) (no error in denying motion for mistrial when curative instruction given after witness referred to defendant as a drug dealer); *Childs v. State*, 287 Ga. 488, 492 (4) (696 SE2d 670) (2010) (no abuse of discretion in denying motion for mistrial when curative instruction told jury to disregard testimony that defendant gave drugs to witness).

4. Because his trial counsel failed to renew the motion for mistrial after the trial court gave the curative instruction, Sanders contends that he was denied effective assistance of counsel. To prove ineffective assistance of counsel, the defendant must show that trial counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). A reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697. In determining prejudice, the question is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Even if trial counsel had renewed the motion for mistrial after the curative instruction was given, Sanders has failed to demonstrate prejudice. Trial counsel had twice moved for a mistrial, which the trial court denied, and the trial court did not abuse its discretion in giving the curative instruction, which preserved the defendant's right to a fair trial. Because there is not a reasonable probability that renewing the motion for a mistrial after the curative instruction was given would have changed the outcome of the trial, we conclude that Sanders was not denied effective assistance of counsel. See *Hargett v. State*, 285 Ga. 82, 86 (3) (674 SE2d 261) (2009).

5. There was no error in the trial court's decision to restrict cross-examination of Baker concerning his sale of fake drugs since it was cumulative of other similar evidence impeaching his veracity. See *Gaither v. State*, 259 Ga. 200, 201 (2) (378 SE2d 464) (1989). Baker admitted that he was not selling real drugs, although he represented to the buyer that he was, and that he had engaged in the same behavior previously.

6. The trial court also did not err in giving a charge based on *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896). The issue in reviewing an *Allen* charge is whether the charge is so coercive that it causes a juror to abandon an honest conviction for a reason other than one based on the trial or arguments of other

jurors. See *Burchette v. State*, 278 Ga. 1, 3 (596 SE2d 162) (2004). Whether a verdict was reached as the result of coercion depends on the totality of the circumstances. See *Sears v. State*, 270 Ga. 834, 837 (1) (514 SE2d 426) (1999). In this case, the jury informed the trial court after eight hours of deliberations that it could not come to a unanimous decision. When questioned, the foreman said that he believed that there would be some value in spending 20 more minutes in discussing the case, and all 12 jurors were participating in the deliberations. The trial court gave the pattern charge. See Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.70.70 (4th ed. 2007). The jury returned a verdict 50 minutes later and was polled following the verdict, and each juror indicated the verdict was his or her own verdict. Under the totality of the circumstances, we conclude that the verdict was not reached due to coercion. See *Stephens v. State*, 261 Ga. 356, 357 (4) (405 SE2d 470) (1991) (giving of *Allen* charge after eight hours of deliberations not error when charge was virtually identical to the pattern charge and jurors polled individually on the verdict).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 9, 2012.

*Chaunda Brock, Deah B. Warren*, for appellant.

*Paul L. Howard, Jr., District Attorney, Paige Reese Whitaker, Christopher M. Quinn, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.