**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**October 9, 2012**

# In the Court of Appeals of Georgia

A12A1223. HERNANDEZ v. THE STATE.

MILLER, Presiding Judge.

Following a jury trial, Jose Farjado Hernandez was convicted of attempted murder (OCGA §§ 16-4-1, 16-5-1 (a), (b)), family violence aggravated battery (OCGA § 16-5-24 (a), (h)), false imprisonment (OCGA § 16-5-41 (a)), and giving a false name to officers (OCGA § 16-10-25). Hernandez filed a motion for new trial, which the trial court denied. On appeal, Hernandez contends that (1) the State improperly elicited inadmissible character evidence, which warranted a mistrial; (2) he received ineffective assistance of counsel; and (3) the trial court erred in failing to merge the family violence aggravated battery offense with the attempted murder offense. For the reasons set forth below, we affirm in part, vacate in part, and remand for resentencing.

"On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict." (Footnote omitted.) *Goss v. State*, 305 Ga. App. 497 (699 SE2d 819) (2010).

So viewed, the evidence shows that Hernandez and the victim began dating in February 2009. Two months later, the couple began residing together at the home of the victim's sister. Hernandez and the victim had a turbulent relationship. Prior to the incident at issue, Hernandez was violent toward the victim on more than one occasion – including an instance where he held a butcher knife at the victim's throat and another where he punched her in the mouth. Although the victim attempted to end the relationship several times, Hernandez would not leave her and told her they were "going to be together forever." In addition, two days before the incident at issue, Hernandez attacked the victim when she returned to her sister's home, throwing her to the ground and beating her on the head.

On the day at issue, November 15, 2009, the victim was at her friends' residence. The victim fell asleep on the couch. Shortly after the victim woke up, Hernandez walked through the door. Hernandez opened a beer and sat down next to the victim on the couch, telling her that they were going to be together. The victim

continued to insist that the relationship was over. After their conversation, Hernandez left to buy the victim something to eat. When he returned, Hernandez drank some beer and fell asleep. The victim left with a friend and went to another apartment for several hours. When she returned to her friends' residence, Hernandez was no longer there.[1] After about 30 minutes, however, Hernandez came back to the residence. The victim asked her friend to call a taxi because Hernandez was intoxicated, and she did not want to be around him in his condition.

The victim went outside when the taxi arrived, but saw Hernandez standing in front of the vehicle. Although she walked around the taxi in an attempt to avoid Hernandez, he came toward her and stabbed her in the stomach with a knife. The victim fell to the ground and tried to push the knife away from her, but Hernandez continued to gesture at her with the knife. The victim's friend finally walked over and hit Hernandez in the head with a chair, knocking Hernandez off of the victim. The victim took the opportunity to run back into her friends' residence and into the bathroom. Since the bathroom door did not lock, the victim sat up against the door to hold it closed. Hernandez attempted to knock the bathroom door open. When the

_____

[1] At some point, the victim's sister came into contact with Hernandez, when he stated that "somebody's going to die today." At trial, Hernandez in fact admitted to making this statement, but claimed he was referring to someone in Mexico.

victim no longer heard Hernandez at the door, she exited the bathroom and asked someone to call an ambulance. At that point, Hernandez ran back through the door and started stabbing the victim in the back of her leg. The victim quickly returned to the bathroom. Hernandez chased the victim and continued to try to knock the door down. The victim was able to escape the bathroom via a small window. The victim ran away from the residence toward her friend, who had contacted the police. An ambulance and the police arrived shortly thereafter. As the victim was being put into the ambulance, Hernandez started walking toward them, and the victim identified him to the police. The police took Hernandez to the ground and recovered a kitchen knife from his pocket. Hernandez falsely identified himself to the police as "Victor Martinez," and he was taken into custody.

As a result of the incident, the victim suffered stab wounds in her eye, her stomach, her side, her hand, and her leg. During trial, the parties stipulated to the following facts: that the clothing worn by Hernandez on the date of the incident contained the victim's blood; that the knife recovered from Hernandez's person contained the victim's blood; and that the photographic exhibits containing depictions of blood reflected the victim's blood. Hernandez was subsequently charged and

4

convicted of attempted murder, family violence aggravated battery, false imprisonment, and giving a false name to officers.

1. Hernandez contends that the State improperly elicited inadmissible character evidence, and that the trial court should have granted his request for a mistrial on this basis. We disagree.

> Motions for mistrial are generally in the discretion of the trial judge, and especially where the cause is a voluntary remark of a witness uninvited by counsel, where the jury is properly instructed and the remark is not so flagrantly prejudicial as to violate the defendant's fair trial rights, the court's discretion will not be overturned.

(Citations omitted.) *Ochle v. State*, 218 Ga. App. 69, 72 (4) (459 SE2d 560) (1995). "In reviewing the denial of a mistrial, we look at the relevant circumstances, including the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety." (Citations, punctuation, and footnotes omitted.) *Owens v. State*, 250 Ga. App. 61, 62 (550 SE2d 464) (2001).

During the State's direct examination of the victim, the prosecutor questioned the victim regarding her knowledge of Hernandez being known by any other names. After establishing that the victim did not know Hernandez by the name of Victor

5

Martinez, the false name Hernandez gave to the police upon his arrest, the following exchange occurred:

Q      Was there ever a time when someone, a female, called him another name?

A      Yes.

Q      What was that all about?

A      There was a girl that c[a]me to his house one time to buy some cocaine from him in the trailer where he used to live.

Hernandez's counsel promptly objected and sought a mistrial.

The prosecutor explained that the victim's response was unresponsive to the question, and that his intent was not to elicit testimony regarding Hernandez's past dealings with cocaine. Rather, the prosecutor's intent was to elicit evidence to prove the offense of giving a false name to officers. The prosecutor indicated that his expectation was for the victim to testify only about the fact that Hernandez went by different names; his expectation was based upon his previous discussion with the victim regarding her knowledge of an individual who had called Hernandez by a name that the victim had never previously heard. Moreover, although the prosecutor

6

indicated that he had cautioned the victim about "saying certain things, staying away from certain things," he could not specifically recall whether he instructed her not to testify regarding the subject of drugs. Nor did the victim recall being instructed not to mention the cocaine sale while testifying about Hernandez's use of different names.

The trial court found that the information about the cocaine was inadmissible and instructed the victim to refrain from any further comments about Hernandez being involved in the sale of cocaine. Although the trial court declined to grant Hernandez's request for a mistrial, it immediately issued the following curative instruction to the jury: "This defendant is not charged with any drug-related offense. Any statement just made by the witness is to be disregarded. It is to have no effect. You shall not consider that in regard to the charges that we are dealing with here today."

As an initial matter, Hernandez failed to renew his motion for mistrial following the trial court's issuance of the curative instruction, which has waived the issue on appeal.[2] See *Warren v. State*, 314 Ga. App. 477, 479 (2) (a) (724 SE2d 404)

---

[2] To the extent that Hernandez raises his failure to renew the mistrial motion as a ground for his ineffective assistance of counsel claim, we address the merits of this claim in Division 2 (a) below.

7

(2012). In any event, Hernandez has not shown that the trial court abused its discretion in denying his motion. Hernandez contends that the prosecutor's line of questioning indicated the State's intent to elicit testimony regarding allegations of a cocaine sale, which constituted inadmissible character evidence about Hernandez. Although the prosecutor's question was broadly stated, the trial court was authorized to conclude that the prosecutor did not deliberately elicit impermissible testimony.[3] Rather, without any specific instruction to avoid mention of the subject, the victim's comment, made only once, was inadvertent. See *Starks v. State*, 240 Ga. App. 346, 348-349 (2) (523 SE2d 397) (1999) (concluding that witness's testimony regarding defendant's character, although responsive to the prosecutor's question, was

---

[3] We note that the victim later testified at the motion for new trial hearing that she had mentioned the cocaine incident to the State prior to trial. However, the prosecutor did not recall any such statement made by the victim during trial preparation, and the prosecutor's broad question does not conclusively show an intent to elicit improper character evidence. Nevertheless, even to the extent the victim's testimony was deliberately elicited and not an inadvertent comment, the evidence against Hernandez was otherwise overwhelming and demanded the verdict. See *Butler v. State*, 290 Ga. 425, 426 (3) (721 SE2d 889) (2012) (concluding that even if witness testimony improperly placed defendant's character into evidence, such error was harmless in light of the overwhelming evidence of defendant's guilt); cf. *Ochle*, supra, 218 Ga. App. at 72 (4) (holding that witness's statement was not inadvertent where it should have been anticipated by the prosecutor given the prosecutor's previous discussions with the witness and reversing denial of motion for mistrial because evidence of defendant's guilt was not overwhelming).

8

inadvertent where no specific instruction or ruling was violated); *Morgan v. State*, 161 Ga. App. 484, 487 (9) (287 SE2d 739) (1982) (holding that mistrial was not warranted where witness's statement about defendant's other charges was made only once, witness was merely responding in narrative form to the prosecutor's questions, and witness was given no warning regarding testimony about other charges). "Because the trial court acted immediately, ruled out the offensive testimony, and properly instructed the jury to disregard the statement, and give it no consideration whatsoever, we find no abuse of discretion in denying the motion for mistrial." (Citations and punctuation omitted.) *McGee v. State*, 267 Ga. 560, 565 (3) (480 SE2d 577) (1997); see also *Jackson v. State*, 267 Ga. 130, 132 (6) (475 SE2d 637) (1996) ("[W]here . . . the witness is not a police officer and there is no instruction to the witness, a mistrial is not necessary.") (citation and punctuation omitted); *Starks*, supra, 240 Ga. App. at 349 (2) (concluding that curative instruction was sufficient when no specific instruction had been given to the officer witness regarding the objectionable testimony).

2. Hernandez contends that his trial counsel was ineffective in the following ways: (a) failing to renew Hernandez's motion for mistrial; (b) failing to conduct a proper examination of the victim in support of his motion for mistrial; and (c) failing

9

to request a limiting jury instruction contemporaneously with the admission of testimony regarding prior difficulties between Hernandez and the victim. We disagree that the standard for ineffective assistance of counsel was met.

To establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), a criminal defendant bears the burden of showing "that counsel's performance was deficient and that the deficient performance so prejudiced defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different." (Citations omitted.) *Johnson v. State*, 287 Ga. 767, 769 (2) (700 SE2d 346) (2010). However, a court addressing the ineffective assistance issue is not required "to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, supra, 466 U. S. at 697 (IV). "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. "The trial court's determination with respect to effective assistance of counsel will be affirmed unless its findings are clearly erroneous." (Citation omitted.) *Johnson*, supra, 287 Ga. at 769 (2).

10

(a) Hernandez first contends that his trial counsel was ineffective in failing to renew the motion for mistrial following the trial court's denial of the motion and issuance of a curative instruction. "Even if trial counsel had renewed the motion for mistrial after the curative instruction was given, [Hernandez] has failed to demonstrate prejudice." (Punctuation omitted.) *Sanders v. State*, 290 Ga. 445, 449 (4) (721 SE2d 834) (2012). As discussed in Division 1 above, the trial court did not abuse its discretion when it denied Hernandez's motion for mistrial and gave a curative instruction, which preserved Hernandez's right to a fair trial. See id. "Because there is not a reasonable probability that renewing the motion for a mistrial after the curative instruction was given would have changed the outcome of the trial, we conclude that [Hernandez] was not denied effective assistance of counsel." (Citation and punctuation omitted.) Id.

(b) Hernandez next contends that his trial counsel erred in failing to conduct a proper examination of the victim in support of his motion for mistrial. Specifically, Hernandez claims that trial counsel, at the motion for mistrial hearing, should have asked the victim whether she had discussed the cocaine incident with the State prior to trial. Even assuming trial counsel was deficient in failing to do so, Hernandez has failed to establish that he was prejudiced by the victim's comment. As noted in

11

Division 1 above, to the extent that the cocaine reference was not inadvertent, the evidence supporting Hernandez's conviction of the charged offenses was overwhelming irrespective of the victim's comment. Therefore, it is highly improbable that the victim's comment regarding a cocaine sale contributed to the guilty verdict. See *Massey v. State*, 306 Ga. App. 180, 184-185 (4) (a), (b) (702 SE2d 34) (2010) (concluding that, in light of the overwhelming evidence of guilt, the defendant failed to establish prejudice on ineffective assistance of counsel claims).

(c) Hernandez claims that his trial counsel was ineffective in failing to request a contemporaneous jury instruction on prior difficulties when the State presented witness testimony regarding prior incidents of violence between Hernandez and the victim.

> [C]ontrary to [Hernandez's] contention, his counsel's failure to request a contemporaneous limiting instruction was not ineffective assistance because the trial court included a limiting instruction in its final charges to the jury. Therefore, even if trial counsel's performance [was] deficient in this regard, [Hernandez] has not shown that but for this deficiency, the outcome of his trial would have been different. As both showings are required, this claim of ineffectiveness fails.

(Footnotes and punctuation omitted.) *Breazeale v. State*, 290 Ga. App. 632, 633 (1) (b) (660 SE2d 376) (2008); see also *Copeland v. State*, 276 Ga. App. 834, 838 (2) (b) (625 SE2d 100) (2005).

3. Finally, Hernandez contends that the trial court erred in failing to merge the offense of family violence aggravated battery with that of attempted murder for purposes of sentencing. We agree.

"Whether offenses merge is a legal question, which we review de novo." (Citation omitted.) *Louisyr v. State*, 307 Ga. App. 724, 730 (2) (706 SE2d 114) (2011).

Here, to convict Hernandez of family violence aggravated battery as alleged in the indictment, the State had to prove that he maliciously caused bodily harm to the victim, with whom he once lived, by seriously disfiguring her stomach, leg, hand, and face by stabbing and cutting her with a knife. See OCGA § 16-5-24 (a), (h). To convict Hernandez of attempted murder as alleged in the indictment, the State had to prove that Hernandez had intent to commit murder, and that stabbing the victim with a knife was an act which constituted a substantial step toward the commission of murder. See OCGA §§ 16-4-1, 16-5-1 (a).

13

On appeal, Hernandez argues that the offenses of family violence aggravated battery and attempted murder are analogous to the crimes of aggravated battery and murder and should merge under OCGA § 16-1-6 (2). OCGA § 16-1-6 (2) pertinently provides that a crime is included where "[i]t differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest . . . suffices to establish its commission." (Punctuation omitted.) In *Ledford v. State*, 289 Ga. 70, 74 (1) (709 SE2d 239) (2011), the Supreme Court found that OCGA § 16-1-6 (2)

> recognizes that a crime such as battery, which prohibits the intentional infliction of bodily injury, is included in a crime such as murder, which prohibits the intentional infliction of more serious bodily injury, i.e., death,[] despite the distinction between these two injury elements. Similarly, it is clear that the only difference between aggravated battery and murder is that the former requires a less serious injury to the person of the victim, as the injury to a bodily member specified in the aggravated battery statute is obviously less serious than death. Therefore, pretermitting whether these two offenses meet the "required

14

evidence" test,[4] convictions for both offenses established by the same conduct are prohibited by OCGA § 16-1-6 (2).

(Citation and punctuation omitted.); see also *Soilberry v. State*, 289 Ga. 770, 772 (3) (716 SE2d 162) (2011).

Indeed, similar to aggravated battery and murder, the family violence aggravated battery and attempted murder crimes in this case were based upon the same conduct – to wit, stabbing the victim with a knife. The only difference between the two crimes is that attempted murder requires a less serious injury to the person, as personal injury is not a required element of attempted murder. See OCGA §§ 16-4-1, 16-5-1 (a). Therefore, pretermitting whether the offenses of family violence aggravated battery and attempted murder meet the "required evidence" test set forth in *Drinkard*, supra, 281 Ga. at 214-215, the convictions for both offenses established by the same conduct were prohibited by OCGA § 16-1-6 (2). See *Soilberry*, supra, 289 Ga. at 772 (3); *Ledford*, supra, 289 Ga. at 74 (1). As a result, Hernandez's sentence must be vacated, and this case must be remanded to the trial court for resentencing.

---

[4] See *Drinkard v. Walker*, 281 Ga. 211, 214-215 (636 SE2d 530) (2006).

*Judgment affirmed in part, vacated in part, and case remanded for resentencing. Ray and Branch, J.J., concur.*