**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).

**May 15, 2020**

# In the Court of Appeals of Georgia

A20A0738. DOBBS v. THE STATE.

MCFADDEN, Chief Judge.

After a jury trial, Willie Dobbs was convicted of several offenses related to a shooting, including attempted murder and aggravated battery. He argues on appeal that, during the charge to the jury, the trial court improperly expressed her opinion in violation of OCGA § 17-8-57, but Dobbs did not raise this objection at trial and he has not shown plain error. So we affirm his convictions. Because the trial court erred in connection with merging certain convictions for sentencing, however, we vacate Dobbs's sentence and remand for resentencing.

1. *Facts.*

Viewed in the light most favorable to the convictions, the trial evidence showed that on May 14, 2014, Dobbs shot his girlfriend in the face and hand,

disfiguring her. The victim, with whom Dobbs had a history of violent interactions, had just driven into the parking lot of the apartment complex where Dobbs lived. She saw Dobbs standing in the parking lot holding a gun. She put her car into reverse and tried to leave, but the car stalled. Dobbs approached the passenger side of the car, where the victim's sister sat, and tried to open the door. Unable to do so, he pointed the gun through the window at the victim. The victim got out of the car, falling in the process. When she stood back up, she saw Dobbs standing behind the car. She said to him, "Willie, I'm your baby mama," and Dobbs responded, saying either "you need to get the hell on" or "you need to get the fuck on." Dobbs then fired the gun at her, hitting both her raised hand and her face. After that, he walked away.

2. *Trial court's alleged expression of opinion.*

Dobbs's sole argument for reversal of his convictions is that the trial court improperly expressed her opinion regarding the evidence in her charge to the jury. Pertinently, OCGA § 17-8-57 (a) (1) provides that "[i]t is error for any judge, during any phase of any criminal case, to express or intimate to the jury the judge's opinion as to whether a fact at issue has or has not been proved[.]" Because Dobbs did not object to this alleged violation at trial, we review this claim only for "plain error which affects substantive rights of the parties." OCGA § 17-8-57 (b). This plain error

2

standard of review applies even though this case was tried before the enactment date

of OCGA § 17-8-57 (b), because the case was appealed after that date. See *Willis v. State*, 304 Ga. 122, 129 (2) (b) (816 SE2d 656) (2018).

Because the alleged violation of OCGA § 17-8-57 (a) (1) occurred in jury

instructions, we look to the plain error standard of review for jury instructions to

determine whether plain error occurred in this case. See *Willis*, supra at 129 (2) (c).

For Dobbs to establish reversible error under this standard of review,

> the instruction must not only be erroneous; the error must be obvious; the error must not have been affirmatively waived; and the appellant must make an affirmative showing that the instruction likely affected the outcome of the proceedings. Only if the appellant has met the burden of proof with respect to these three prongs of the plain error test, the appellate court may, in its discretion, remedy the error if it seriously affects the fairness, integrity[,] or public reputation of the judicial proceedings.

Id. (citations omitted). And in determining if he has made this showing, "we examine

the jury charge as a whole." *Horton v. State*, 350 Ga. App. 133, 135 (828 SE2d 150)

(2019) (citation and punctuation omitted).

Dobbs has not shown plain error because he has not shown that the trial court

made an obvious error in the jury charges. He challenges the following charges on the

3

ground that, by including in them factual allegations set forth in the indictment (emphasized below), the trial court improperly expressed her opinion about the evidence in violation of OCGA § 17-8-57 (a) (1):

> A person commits criminal attempt to commit murder when, with the intent to commit murder, that person performs an act that constitutes a substantial step toward the commission of the crime of murder, *such as by firing a handgun aimed at the alleged victim's head*, with the intent to cause the death of a human being.
>
> . . .
>
> A person commits the offense of aggravated battery when he maliciously causes bodily harm to another by seriously disfiguring *another's face by shooting another in the face with a firearm.*
>
> A person commits the offense of aggravated battery when he maliciously causes bodily harm to another by seriously disfiguring *another's left hand, by shooting another in the hand with a firearm.*

(Emphasis supplied.) But the trial court also instructed the jury: "By giving this instruction, the court in no way suggests to you that the defendant has or has not committed any other acts; nor whether such acts, if committed, prove anything. This is a matter solely for your determination." Moreover, construing an earlier version of

4

OCGA § 17-8-57, this court held that, "[b]y charging the jury in the language of the indictment as to the physical acts of the defendant which amounted to the crimes charged, the court did not express an opinion as to the evidence[.]" *Weaver v. State*, 137 Ga. App. 470, 472 (7) (224 SE2d 110) (1976) (construing Code Ann. § 81-1104). Given this precedent, and considering the charge as a whole, we cannot say that the trial court obviously erred in her instructions to the jury, so we affirm Dobbs's convictions.

3. *Merger.*

After filing his appellate brief and enumeration of error, Dobbs sought to amend his enumeration of error to add a claim that the trial court erred in merging or failing to merge his convictions for the purpose of sentencing. We denied Dobbs's motion because an appellant generally may not amend his or her brief to assert an untimely enumeration of error. See *Brown v. State*, 301 Ga. 728, 733 (3) (804 SE2d 16) (2017); *Anuforo v. State*, 293 Ga. App. 1, 4 (3) (666 SE2d 50) (2008). However, noting that we may address a merger issue even if the appellant does not enumerate it as error, see *Nazario v. State*, 293 Ga. 480 (746 SE2d 109) (2013), we permitted Dobbs and the state to file supplemental briefs on that issue.

5

"Whether offenses merge is a legal question, which we review de novo." *Hernandez v. State*, 317 Ga. App. 845, 851 (3) (733 SE2d 30) (2012) (citation and punctuation omitted). Dobbs argues that the trial court erred in sentencing in two respects: by failing to merge for sentencing his two convictions for aggravated battery, and by merging his aggravated battery convictions into his conviction for attempted murder, instead of vice versa. As detailed below, we agree that the trial court erred in both respects, so we vacate the sentence and remand for resentencing.

(a) *Merger of two aggravated battery convictions.*

The jury found Dobbs guilty of two counts of aggravated battery in violation of OCGA § 16-5-24, for seriously disfiguring the victim by shooting her in the face, and for seriously disfiguring her by shooting her in the hand. The trial court sentenced Dobbs on both of these counts. Because the two counts were based on the single unlawful act of Dobbs shooting the victim, we find, and the state agrees, that the trial court should have merged the aggravated battery convictions for sentencing purposes. See *Fordham v. State*, 352 Ga. App. 520, 527 (3) (835 SE2d 360) (2019).

(b) *Merger of aggravated battery convictions into attempted murder conviction.*

6

The trial court merged, for sentencing purposes, Dobbs's two convictions for aggravated battery under OCGA § 16-5-24 into his conviction for criminal attempt to commit murder under OCGA § 16-4-1. Dobbs argues that this court's decisions in *Hernandez v. State*, supra, 317 Ga. App. 845, and *Zamudio v. State*, 332 Ga. App. 37 (771 SE2d 733) (2015), required the trial court instead to merge the attempted murder conviction into the aggravated battery convictions.

We agree that, under the authorities cited by Dobbs, the trial court should have merged the attempted murder conviction into the aggravated battery convictions. In *Hernandez*, we held that convictions for the crimes of attempted murder and family violence aggravated battery, which were based upon the same unlawful act, merge under OCGA § 16-1-6 (2). *Hernandez*, 317 Ga. App. at 851-852 (3). That Code section pertinently provides that one crime is included in another where "[i]t differs . . . only in the respect that a less serious injury or risk of injury to the same person, property, or public interest . . . suffices to establish its commission." OCGA § 16-1-6 (2). Significantly, we held in *Hernandez* that attempted murder is the lesser crime of the two, because it "requires a less serious injury to the person [than family violence aggravated battery], as personal injury is not a required element of attempted murder." *Hernandez*, supra at 852 (3). Relying on the rationale of the *Hernandez*

7

decision, in *Zamudio* we held that the trial court erred in merging a conviction for aggravated battery into a conviction for attempted murder, rather than the other way around. *Zamudio*, 332 Ga. App. at 47-48 (7). That rationale requires the same result here.

We are not persuaded by the state's argument that we should overrule *Hernandez* and *Zamudio*. Those decisions flow out of our Supreme Court's decision in *Ledford v. State*, 289 Ga. 70 (702 SE2d 239) (2011), disapproved in part on other grounds by *Willis v. State*, 304 Ga. 686, 706 (11) n. 3 (820 SE2d 640) (2018). See *Zamudio*, 332 Ga. App. at 48 (7) (citing *Ledford*); *Hernandez*, 317 Ga. App. at 851-852 (3) (citing *Ledford*). *Ledford* concerned the crimes of aggravated battery and malice murder. The Court in that case held that both crimes required a malicious intent and that the only difference between them, in determining whether one crime was included in the other under OCGA § 16-1-6 (2) for merger purposes, was the severity of the victim's injury. *Ledford*, supra at 72, 74 (1).

Our *Hernandez* and *Zamudio* decisions also are consistent with the Supreme Court's decision in *Regent v. State*, 299 Ga. 172, 176 (787 SE2d 217) (2016), which held that where, as here, one of the two crimes involved merely a risk of harm while the other involved actual harm, the former merged into the latter under OCGA § 16-1-

8

6 (2). Finally, in *Zamudio* we considered — and rejected — the state's request that we overrule *Hernandez* on this point, instead "finding its analysis to be sound." *Zamudio*, supra at 48 (7). The state has not convinced us otherwise in this case.

*Judgment affirmed, sentence vacated, and case remanded for resentencing. Doyle, P. J., and Hodges, J., concur.*