309 Ga. 330
FINAL COPY

S20A0444, S20X0445.  PRIESTER v. THE STATE; and vice versa.

BLACKWELL, Justice.

Vernon Priester was tried by a Chatham County jury and convicted of murder and other crimes in connection with the fatal shooting of Akhil Heyward and the wounding of Heyward's parents.[1] Priester appeals, asserting that the trial court erred when it admitted the testimony of two witnesses about Priester dealing

---

[1] Heyward was killed in March 2016. A Chatham County grand jury indicted Priester in May 2016, charging him with one count of murder with malice aforethought, three counts of murder in the commission of a felony, eight counts of possession of a firearm during the commission of a crime, one count of criminal attempt to commit armed robbery, three counts of aggravated assault, two counts of criminal attempt to commit murder, and two counts of aggravated battery. Priester was tried in September 2017, and the jury found him guilty on all counts. The trial court sentenced Priester for malice murder, attempted armed robbery, one count of aggravated assault, two counts of aggravated battery, and five counts of possession of a firearm during the commission of a crime, imposing an aggregate sentence of imprisonment for life plus 85 years. The other counts were vacated by operation of law or merged into a crime for which Priester was sentenced. (The merger of the two counts of attempted murder into the two counts of aggravated battery is discussed in Division 3 of this opinion.) Priester timely filed a motion for new trial in October 2017, which he amended in February 2019. The trial court denied that motion in August 2019, and Priester timely filed a notice of appeal. The State then timely cross-appealed. The appeals were docketed in this Court to the term beginning in December 2019, and oral argument was held on April 20, 2020.

drugs. The State cross-appeals, contending that the trial court erred when it merged two counts of attempted murder into two counts of aggravated battery involving the same victims. We affirm in the main appeal, and in the cross-appeal, we reverse and remand for resentencing.

1. Viewed in the light most favorable to the verdict, the evidence presented at trial shows that on the morning of March 16, 2016, Heyward and his girlfriend, Charmaine Mobley, met with Priester at the house that Heyward shared with his parents, Louis Heyward and Traci Taylor. Priester asked Heyward how much marijuana he had, pulled out a gun, and told Heyward and Mobley to get down on the ground. They both tried to run away, but Priester fired several shots at Heyward as he attempted to flee out the front door, fatally wounding Heyward. Heyward's parents and Mobley then attempted to restrain Priester, and as they struggled with him, he fired additional shots, wounding both of Heyward's parents.

Although Priester does not challenge the legal sufficiency of the evidence, we have independently reviewed the record, and we

conclude that the evidence presented at trial was sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that Priester is guilty of the crimes of which he was convicted. See Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2. In his sole claim of error, Priester contends that the trial court erred when it denied his pretrial motion to exclude the testimony of Christopher Cason and Tyrone Gadson, both of whom testified about Priester engaging in the business of dealing drugs. Their testimony was not admissible, Priester claims, because it was neither evidence intrinsic to the crimes charged nor evidence of other acts admitted for a proper purpose under OCGA § 24-4-404 (b). We conclude, however, that this testimony was intrinsic evidence, and we see no abuse of discretion in its admission. See McCray v. State, 301 Ga. 241, 249 (799 SE2d 206) (2017).

As we have explained before:

> The limitations and prohibitions on "other acts" evidence set out in OCGA § 24-4-404 (b) do not apply to "intrinsic evidence." . . . Evidence is admissible as

intrinsic evidence when it is "(1) an uncharged offense arising from the same transaction or series of transactions as the charged offense; (2) necessary to 'complete the story of the crime'; or (3) 'inextricably intertwined with the evidence regarding the charged offense.' " Intrinsic evidence must also satisfy [OCGA § 24-4-403].

In applying these factors, the Eleventh Circuit has noted that evidence "pertaining to the chain of events explaining the context, motive, and set-up of the crime is properly admitted if [it is] linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." The court went on to explain that evidence of other acts is "inextricably intertwined" with the evidence regarding the charged offense if it forms an "integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted." And this sort of intrinsic evidence remains admissible "even if it incidentally places [the defendant's] character at issue."

Williams v. State, 302 Ga. 474, 485-486 (807 SE2d 350) (2017)

(citations and footnote omitted). At trial, Cason testified that he had

known Priester for nearly a year prior to the fatal shooting of

Heyward and that he had purchased drugs (including marijuana

and heroin) from Priester. Cason explained that Priester's drug-

dealing business had slowed around the time of the shooting. On the

day of the shooting, Cason said, Priester texted Cason and asked if he knew anyone whom Priester could "pull a lick off on." Cason explained that "a lick" is slang for a robbery. Gadson likewise testified that he had purchased drugs from Priester and that Priester's drug-dealing business slowed around the time of the shooting. Gadson also testified that he was with Priester on the evening before the shooting but had no involvement in the shooting.

The trial court did not abuse its discretion when it admitted the testimony of Cason and Gadson because that evidence was intrinsic to the crimes with which Heyward was charged. That Priester's drug dealing had slowed around the time of the shooting was relevant to understanding his motive to attempt a robbery of Heyward. Moreover, that Priester had sold drugs to both witnesses was an integral and natural part of their accounts of the circumstances surrounding the shooting. See McCammon v. State, 306 Ga. 516, 522 (2) (832 SE2d 396) (2019) (concluding that the back story as to why one person would decide to rob another person was "an integral and natural part of an account" of the charged crimes)

(citation and punctuation omitted); <u>Pike v. State</u>, 302 Ga. 795, 801 (4) (809 SE2d 756) (2018) ("[E]vidence of motive is relevant even if it incidentally places a defendant's character in issue.").

3. In its cross-appeal, the State argues that the trial court erred when it merged the attempted murders of Heyward's parents into the aggravated batteries upon them. We agree.

A person commits aggravated battery when he "maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof." OCGA § 16-5-24 (a). An aggravated battery is punishable by imprisonment for up to 20 years. See OCGA § 16-5-24 (b). A person commits attempted murder when, with intent to "unlawfully and with malice aforethought . . . cause the death of another human being," OCGA § 16-5-1 (a), he "performs any act which constitutes a substantial step toward the commission of [murder]." OCGA § 16-4-1. Attempted murder is punishable by imprisonment for up to 30 years. See OCGA § 16-4-6 (a). One crime is included in another if

"[i]t differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." OCGA § 16-1-6 (2). [2]

No one disputes in this case in which each of the attempted murders and each of the aggravated batteries is predicated upon the same conduct—the shooting and wounding of each of Heyward's parents—that the attempted murders and aggravated batteries merge. They disagree, however, about which crime merges into the other. According to the State, the attempted murders are the greater offense, and the aggravated batteries merge into the attempted murders. Priester, on the other hand, argues that the trial court was right to merge the attempted murders into the aggravated batteries.

In resolving this merger issue, the trial court was bound by

---

[2] When presented with an argument that a crime is included in another because "[i]t is established by proof of the same or less than all the facts . . . required to establish the commission of the [other] crime," OCGA § 16-1-6 (1), we apply the standard set forth in <u>Drinkard v. Walker</u>, 281 Ga. 211 (636 SE2d 530) (2006). That standard, however, does not govern merger under OCGA § 16-1-6 (2). See 281 Ga. at 213 n.8.

precedents in which our Court of Appeals held that, in a case like this one, an attempted murder merges into an aggravated battery. In Hernandez v. State, 317 Ga. App. 845 (733 SE2d 30) (2012), the Court of Appeals reasoned that "attempted murder requires a less serious injury to the person [than aggravated battery], as personal injury is not a required element of attempted murder," and it concluded that an attempted murder is, therefore, a lesser offense than aggravated battery for purposes of merger under OCGA § 16-1-6 (2). Id. at 852 (3). Although the Court of Appeals acknowledged in a subsequent decision that an attempted murder involves the *risk* of an injury (death) that is more serious than the *actual* injury required for an aggravated battery, it declined to revisit and instead reaffirmed Hernandez. See Zamudio v. State, 332 Ga. App. 37, 48 (771 SE2d 733) (2015). See also Dobbs v. State, ___ Ga. App. ___, ___ (3) (b) (843 SE2d 437) (2020) (declining to revisit Hernandez and Zamudio). The State urges that Hernandez and its progeny were wrongly decided, and we agree.

Whether the *risk* of death that is inherent in conduct that

amounts to a "substantial step" toward the commission of a murder is more or less serious than the *actual* bodily harm that is inherent in an aggravated battery is a question that in the abstract is both difficult and debatable.[3] But it ultimately is a question of public policy, and it is a question on which our General Assembly — to which we generally must defer on questions of public policy, see <u>Deal v. Coleman</u>, 294 Ga. 170, 174 (1) n. 11 (751 SE2d 337) (2013) — appears to have given an answer. The statutory penalty for attempted murder is imprisonment for up to 30 years, see OCGA § 16-4-6 (a); the statutory penalty for aggravated battery is imprisonment for up to 20 years, see OCGA § 16-5-24 (b). The range of punishments authorized for each of these crimes — both of which require malice — suggests that the General Assembly views the risk

---

[3] This question is not answered by our decisions in <u>Ledford v. State</u>, 289 Ga. 70 (709 SE2d 239) (2011), and <u>Regent v. State</u>, 299 Ga. 172 (787 SE2d 217) (2016). <u>Ledford</u> involved the merger of two crimes — murder and aggravated battery — each of which requires an *actual* injury, but which may involve injuries of different sorts (death and bodily injury). And <u>Regent</u> involved the merger of two crimes — aggravated assault with a weapon likely to result in serious bodily injury and aggravated battery — that involve the same general sort of injury (bodily injury), but only one of which requires an *actual* injury (as opposed to a risk of injury).

of injury in an attempted murder as *more* serious than the actual injury required for an aggravated battery, which leads us to the conclusion that an aggravated battery merges into an attempted murder in a case like this one. If it were otherwise, an attempted murder that caused no actual injury would be punishable by up to 30 years in prison, but an attempted murder that caused an injury serious enough to amount to aggravated battery would be punishable only by up to 20 years in prison.[4]

Our obligation is to find and follow the most reasonable understanding of statutory text, see <u>Coleman</u>, 294 Ga. at 172-173,

---

[4] Imagine a man who swings an axe at another, intending to kill him. If he swings and misses, he is guilty of attempted murder — but not aggravated battery — and could be sentenced to as many as 30 years in prison. But if he swings and lands a blow that does not kill his victim — but nevertheless severs the arm of the victim — the man would be guilty of attempted murder *and* aggravated battery; under <u>Hernandez</u> and its progeny, the attempted murder would have to be merged into the aggravated battery, and the man then could only be sentenced to as many as 20 years in prison. "People would laugh at the law if it required any such thing." <u>Fletcher Guano Co. v. Vorus</u>, 10 Ga. App. 380, 382 (73 SE 348) (1912). If it were determined to do so, of course, the General Assembly certainly *could* enact a statutory sentencing scheme that produces such an odd result. But when (as here) the relevant statutory text is at least equally susceptible of being understood in another way — which does not produce such an odd result — it suggests that the text is more reasonably understood to produce the more sensible result.

and the most reasonable understanding of OCGA § 16-1-6 (2) as applied to attempted murder and aggravated battery is that the aggravated battery merges into the greater offense of attempted murder when the crimes are predicated upon the same conduct. We overrule Hernandez, Zamudio, and Dobbs to the extent that they hold otherwise. And in this case, we reverse the merger of the attempted murders into the aggravated batteries, and we remand for the trial court to resentence Priester consistent with this opinion.

Judgment affirmed in Case No. S20A0444. Judgment reversed and case remanded with direction in Case No. S20X0445. All the Justices concur.

DECIDED JUNE 29, 2020.
Murder. Chatham Superior Court. Before Judge Abbot.
*David T. Lock*, for appellant.
*Meg E. Heap, District Attorney, Noah J. Abrams, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Alex M. Bernick, Assistant Attorney General*, for appellee.