**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**April 26, 2021**

# In the Court of Appeals of Georgia

A20A0738. DOBBS v. THE STATE.

MCFADDEN, Chief Judge.

In *Dobbs v. State*, 355 Ga. App. 357 (843 SE2d 437) (2020), we affirmed Willie Dobbs's convictions for several offenses related to a shooting, but we vacated his sentence and remanded the case for resentencing because the trial court had not properly merged certain of his convictions for sentencing purposes. Pertinently, we held in Division 3 (b) that the trial court should have merged his attempted murder conviction into his aggravated battery convictions. Id. at 360 (3) (b). We based that holding on our precedent in *Zamudio v. State*, 332 Ga. App. 37 (771 SE2d 733) (2015) and *Hernandez v. State*, 317 Ga. App. 845 (733 SE2d 30) (2012).

The next month, our Supreme Court overruled *Hernandez* and *Zamudio*, as well as our decision this case, holding that, when those two crimes are predicated on

the same conduct, the offense of aggravated battery merges into the offense of attempted murder. *Priester v. State*, 309 Ga. 330 (845 SE2d 683) (2020). The controlling principle is that the lesser offense merges into the greater. Which offense is greater, *Priester* holds, is a policy choice; and the General Assembly made that choice by assigning attempted murder the more severe penalty. Id. at 334–335 (3).

Thereafter our Supreme Court granted certiorari in this case, vacated our decision, and remanded to this court for reconsideration in light of *Priester*. *State v. Dobbs*, 2020 Ga. LEXIS 861 (2020).

In light of *Priester*, we vacate Division 3 (b) of our earlier opinion. In its place, we hold that, because Dobbs's aggravated battery and attempted murder convictions were predicated on the same conduct, the trial court must merge the aggravated battery convictions into the attempted murder conviction for sentencing purposes. See *Priester*, 309 Ga. at 335 (3).

The Supreme Court neither addressed nor considered the other divisions of our opinion in *Dobbs v. State*: Division 1, which was a factual recitation, 355 Ga. App. at 357-358 (1); Division 2, which held that the trial court did not improperly express her opinion on the evidence to the jury, id. at 358-359 (2); and Division 3 (a), which held that Dobbs's two aggravated battery convictions must be merged for sentencing

2

purposes, id. at 359-360 (3) (a). See *Priester*, 309 Ga. 330. Because those divisions are not inconsistent with the Supreme Court's opinion in *Priester*, they "bec[a]me binding upon the return of the remittitur." *Shadix v. Carroll County*, 274 Ga. 560, 563 (1) (554 SE2d 465) (2001).

*Judgment affirmed, sentence vacated, and case remanded for resentencing. Doyle, P. J., and Hodges, J., concur.*